9 N.J. Super. 565 (1950)
75 A.2d 831
HERMAN S. GANSZ, PLAINTIFF,
v.
RAYMOND JOHNSON, COUNTY CLERK OF BURLINGTON COUNTY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 13, 1950.
*566 Mr. James M. Davis, Jr., attorney for the plaintiff.
Mr. Thomas D. Begley, attorney for the defendant.
*567 DONGES, A.J.S.C.
This action was instituted by plaintiff seeking to compel the defendant to print plaintiff's name on the official and sample ballots as the Democratic Party candidate for the office of member of the township committee.
It appears that the person who was nominated at the primary election to run as a candidate for the office of member of township committee resigned his nomination. Thereafter, the members of the Burlington County Democratic Committee, representing the Township of Maple Shade, certified plaintiff's name to the County Clerk as the candidate of the Democratic Party for said office. Accompanying said certificate of the above mentioned members of the Democratic Committee was a certificate of acceptance by the plaintiff. This certificate complied in all respects with the provisions of R.S. 19:13-20, except that it did not set forth that the plaintiff was not a member of, or identified with any other political party or political organization (other than the Democratic Party), espousing the cause of candidates of any other political party and that he has not voted in a primary election of any other political party in the last two primary elections, or contributed to the campaign funds of any other political party within one year prior to the last primary election.
The plaintiff contends that the provision of R.S. 19:13-20 requiring the certificate to set forth the above statements is unconstitutional.
It must be conceded at the outset that the Legislature may regulate elections, but that it may not exercise that power so as to deny or impair the rights of electors. The Legislature has the power to grant to conventions or committees of parties the right to make nominations. However, once having given that right, it cannot limit the right of the convention, committee, or other body to nominate as its candidate any person who is qualified for the office. The electors have the right to vote for whom they will for public office and the Legislature cannot deprive them of that right.
The statute under consideration, R.S. 19:13-20, in effect grants a party committee the right to nominate a person to *568 fill a vacancy, and then, in turn, deprives them of the right to nominate someone who may have prior thereto been a member of another political party.
As was stated in the case of In re Callahan, 200 N.Y. 59 (Ct. of Appeals 1910), it is true that the Legislature may prescribe qualifications for office where there is no constitutional provision on the subject, but it cannot enact arbitrary exclusions from office. If it cannot enact arbitrary exclusions from office, equally it cannot enact arbitrary exclusions from candidacy for office. What exclusion could be more arbitrary than that one party organization should not be permitted to nominate a candidate who belonged to another party?
The subject matter under consideration was very ably discussed by Gummere, C.J., in the case of In re City Clerk of Paterson (not officially reported), 88 A. 694 (Sup. Ct. 1913), wherein he stated that if the Legislature attempts to restrict the choice of a candidate who is qualified to hold the office by any party or group of voters, "it may at least be doubted whether it has not infringed a constitutional right of voters to have a free and untrammeled expression of their choice * * *."
For the reasons expressed herein, I hold invalid that portion of R.S. 19:13-20 which requires a candidate to certify that he is a member of the political party which nominated him and that he is not a member of or identified with any other party and that he has not voted in a primary election for two years for any other political party, nor has contributed to campaign funds of any other political party within one year prior to the last primary election.
I direct and order the County Clerk of Burlington County, defendant, to place the plaintiff's name on the official and sample ballots as candidate for the office of Member of Township Committee of Maple Shade.