**A. B. McDONALD, Plaintiff,**

v.

**George D. KEY, Benjamin M. Cassity and J. Wm. Cordell, Defendants.**

**Civ. No. 6366.**

United States District Court
W. D. Oklahoma.
Oct. 18, 1954.

A. B. McDonald, Oklahoma City, Okl., J. B. Dudley, Sr., Oklahoma City, Okl., for plaintiff.

Edward M. Box, Oklahoma City, Okl., for defendants.

CHANDLER, District Judge.

The sole question for determination is whether the placing of the word "Negro" in parenthesis after a candidate's name on an Oklahoma primary ballot as required by State statute deprives the candidate of the equal protection of the laws or of any rights, privileges or immunities secured to him by the Constitution and laws of the United States.

Material and relevant parts of the Constitution and laws of the State of Oklahoma are:

26 O.S.A. § 162 (in part)

"* * * Any qualified elector, * * *, shall have his name printed on the official ballot * * *, upon filing with the proper officer, within the time provided by law, a Notification and Declaration of candidacy. * * *

"Said Notification and Declaration shall be in the following form: "* * *; that my race is ——————; * * *."
(white or negro)

26 O.S.A. § 162a (in part)

"Every candidate shall state in his notification and declaration his race. Any candidate who is other then of the White race, shall have his race designated upon the ballots in parenthesis after his name. This provision shall apply both to Primary and General elections or either of them. * * *"

Section 6, Article 3 of the Oklahoma Constitution (in part)

"In all elections by the people the vote shall be by ballot and the Legislature shall provide the kind of ticket or ballot to be used and make all such other regulations as may be necessary to detect and punish fraud, and preserve the purity of the ballot; * * *."

Section 11, Article 23 of the Oklahoma Constitution (in part)

"Wherever in this Constitution and laws of this State, the word * * * 'negro' * * * are used, the same shall be construed to mean or apply to all persons of African descent. The term 'white race' shall include all other persons."

Plaintiff became a Democratic candidate for the office of United States Senator from the State of Oklahoma by compliance with the election laws thereof. Pursuant to 26 O.S.A. § 162 he notified the State Election Board of his candidacy which notification disclosed the fact that he is a member of the African race. The State Election Board placed the word "Negro" in parenthesis after his name on the ballot. The

candidate was unsuccessful in the July 6, 1954, primary election and thereafter this action was filed seeking actual and exemplary damages against the individual members of the Oklahoma State Election Board.

The placing of the word "Negro" on a ballot after the name of a candidate is merely descriptive and properly serves to inform the electors of the fact that the candidate is of African descent. It likewise serves to inform the voters that the other candidates are members of the "white race". It is, therefore, my opinion that the plaintiff has not been deprived of the equal protection of the laws or any rights, privileges or immunities secured by the Constitution and laws of the United States.

I have also come to the conclusion that since the plaintiff failed to exhaust the remedies provided by the laws of the State of Oklahoma, this court is without jurisdiction.

The complaint is, therefore, dismissed. Counsel will prepare and submit proper order.