**A. B. McDONALD, Appellant,**

v.

**George D. KEY, Benjamin M. Cassity and J. Wm. Cordell, Appellees.**

**No. 5048.**

United States Court of Appeals Tenth Circuit.

July 21, 1955.

A. B. McDonald, Oklahoma City, Okl., pro se.

Fred Hansen, First Asst. Atty. Gen., and Edward M. Box, Oklahoma City, Okl. (Mac Q. Williamson, Atty. Gen. of Oklahoma, on the brief), for appellees.

Before PHILLIPS, Chief Judge, MURRAH, Circuit Judge, and WALLACE, District Judge.

PHILLIPS, Chief Judge.

This is an action for damages brought under 42 U.S.C.A. § 1983, predicated on an alleged violation of the Fourteenth Amendment.

The appellees, defendants below, were the duly appointed, qualified, and acting members of the State Election Board of the State of Oklahoma.

McDonald, the plaintiff below, is a member of the Negro race. Prior to the primary election in Oklahoma, held on July 6, 1954, plaintiff duly and timely filed a notification and declaration of his candidacy for nomination for the office of United States Senator on the Democratic ticket. The members of the Election Board placed plaintiff's name upon the ballot for such primary election and placed in parentheses after plaintiff's name on such ballot the word "Negro."

Section 11, Art. 23 of the Oklahoma Constitution, in part, reads as follows:

"Wherever in this Constitution and laws of this State the word * * 'negro' * * * are used, the same shall be construed to mean or apply to all persons of African descent. The term 'white race' shall include all other persons."

26 O.S.A. § 162, in part, reads:

"Any qualified elector, * * * shall have his name printed on the official ballot * * *, upon filing with the proper officer, within the time provided by law, a Notification and Declaration of candidacy. * *

"Said Notification and Declaration shall be in the following form:

" ' * * * ; that my race is _____; * * *.' "

(White or Negro)

26 O.S.A. § 162a, in part, reads:

"Every candidate shall state in his notification and declaration his race. Any candidate who is other than of the White race, shall have his race designated upon the ballots in parenthesis after his name. This provision shall apply both to Primary and General Elections or either of them * * *."

The trial court held that the placing of the word "Negro" on a primary or general election ballot after the name of the candidate, who is of African descent, is merely descriptive and serves to inform the electors that the candidate is of African descent, and that the other candidates are members of the White race; that plaintiff was not denied the equal protection of the laws guaranteed by the Fourteenth Amendment; and that plaintiff had wholly failed to invoke and exhaust the remedies provided by the laws of the State of Oklahoma and, therefore, the court was without jurisdiction. From a judgment dismissing the action, D.C., 125 F.Supp. 775, plaintiff has appealed.

■ A candidate in a primary or general election in Oklahoma must file a notification and declaration with the proper officer, in which he is required to state whether he is a member of the White or Negro race. If he states that he is a member of the Negro race, that fact must be stated in parentheses after his name. Under the Oklahoma constitutional provision, the phrase "white race" includes not only that race, but all other races, except the Negro race. Thus, it will be seen that there is a direct discrimination between members of the Negro race and members of the White, Yellow, and other races, all embraced in the phrase "white race," resulting in a denial under color of law of equality of treatment with respect to the members of the Negro race who run for office in Oklahoma.

■ In Lane v. Wilson, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281, in which the right of the plaintiff to maintain the action was upheld, the basis of the action, as in the instant case, was inequality of treatment under color of law and not the denial of the right to vote.[1] In that case, the court also held it was not necessary for a plaintiff who sues for damages under 8 U.S.C.A. § 43, § 1979 of the Revised Statutes, now 42 U.S.C.A. § 1983, to exhaust the remedies of a judicial nature provided by the State of Oklahoma.[2]

Section 2, Art. 7 of the Constitution of Oklahoma, in part, provides:

" * * * The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all commissions and boards created by law. * * * "

The relief provided by such § 2 is clearly of a judicial nature. We know of no purely administrative remedy that was open to the plaintiff.

■ Counsel for appellees contend that plaintiff is estopped by reason of his having filed his notification and declaration and having run for nomination in the primary election. We think there is no basis for the asserted estoppel. Compliance with 26 O.S.A. § 162 was necessary in order for plaintiff to get his name on the ballot. He does not complain of the requirements of that section. What

1. See also Nixon v. Herndon, 273 U.S. 536, 541, 47 S.Ct. 446, 71 L.Ed. 759.

2. To the same effect see Bruce v. Stilwell, 5 Cir., 206 F.2d 554, at page 556, and cases therein cited; Hall v. Nagel, 5 Cir., 154 F.2d 931.

 

he complains of is the action of the Election Board taken under color of 26 O.S.A. § 162a. If that section is unconstitutional, and we so hold, then the Election Board was not justified in following it, even if plaintiff complied with 26 O.S.A. § 162. Section 162a gave no benefits to plaintiff. It merely provided for discrimination with respect to him in the placing of his name on the ballot with the notation thereafter in parentheses, "Negro." Since plaintiff availed himself of no rights or benefits under 26 O.S.A. § 162a, his action is not barred by estoppel.

The judgment dismissing the action is reversed and the cause remanded for further proceedings in accordance with this opinion.