SWANN, Judge.
This is an appeal by the City of Miami Beach from a final declaratory decree entered by the Circuit Court, in favor of plaintiff.
A suit for Declaratory Decree was filed by the plaintiff, Melvin J. Richard, to determine his eligibility as a candidate for the office of Mayor of the City of Miami *481 Beach at the election to be held on June 1, 1965.
The court below considered the matter carefully and entered a Declaratory Decree, holding that plaintiff was eligible as a candidate for office of Mayor of Miami Beach. The opinion recited, inter alia:

“(1) That the plaintiff is presently a duly elected and qualified City Councilman of the City of Miami Beach, and that his term of office extends for four years from June 4, 1963.
“(2) The electorate of the City of Miami Beach on December S, 1964, amended the Charter of Miami Beach to provide:
“ ‘In the general election to be held in said city (Miami Beach) in June, 1965, there shall he three (3) members of the said city council elected, one being elected for each group numbered I, II and III respectively, as said groups are hereinafter designated, and each of whom shall hold office for a term of four (4) years, and there shall also he a may- or elected, who shall hold office for a term of two (2) years. * * *’
“Prior to this amendment, the office of mayor was not an elective office.
“(3) By further amendment to the City Charter of Miami Beach, any person seeking an elective office in the City of Miami Beach must be a qualified elector of the City and his name is required to be printed on the ballot if he pays the qualifying fee, and shall have been photographed and fingerprinted by the identification bureau of the police department of the City, and shall have taken, signed and subscribed to an oath or affirmation in writing in which he shall state (1) the title of the office for which he is a candidate; (2) that he is a qualified elector of the City of Miami Beach, Florida; (3) his legal residence, by street and number; (4) whether or not he has ever been convicted of a felony; (5) that he is qualified under the ordinances and charter of the City of Miami Beach, Florida, to hold office for which he is a candidate; (6) that he has paid the qualification fee required; (7) that he has not violated any of the ordinances or laws of the City of Miami Beach or the State of Florida, relating to the election or registration of electors; and (8) that he is not a member of nor does he subscribe to the principles of any group that seeks to overthrow the government or the constitution of the United States of America. The plaintiff is prepared to make the oath or affirmation required, to pay the qualifying fee, and he is a qualified elector of the City of Miami Beach.
“(4) The City Attorney of the City of Miami Beach has advised the City Clerk not to accept the qualifying fee or affidavit from the plaintiff, solely upon the ground that the plaintiff is presently a councilman of the City of Miami Beach whose term extends beyond the time of the commencement of the term of the office of mayor of the City of Miami Beach, the office to which the plaintiff aspires. This position of the City Attorney creates a doubt as to the eligibility of the plaintiff to qualify as a candidate for the office of mayor of the City of Miami Beach. At the outset, a careful examination of the Charter amendments of the City of Miami Beach discloses that there is no express provision in the charter or the amendments which disqualifies a councilman to be a candidate for the office of mayor of the City of Miami Beach even though his present term of office of councilman does not expire until two years after the commencement of the term of the office of mayor.
“The rule of construction applicable under the circumstances is succinctly *482 stated by the Supreme Court of Florida in the case of Ervin v. Collins, (Fla.1956) 85 So.2d 852, 853, in which the Court says in dealing with eligibility of a candidate:
“ ‘ * * * To hold one ineligible to run for office where neither the Constitution nor the statute does so in express terms is contrary to every democratic precept.’
“Moreover, in the same case the Court says if there is doubt as to the eligibility of the candidate,
“ ‘ * * * under every accepted rule of interpretation, the doubt or ambiguity must be resolved in favor of eligibility * * * ’
“In the case of State ex rel Fair v. Adams, (Fla.1962) 139 So.2d 879, 94 A.L.R.2d 550, the Supreme Court of Florida in dealing with the exact question presented in this cause, states:
“ ‘The question then arises, can an office holder become a candidate for another office if the “term” of that office begins before the “term” of the office which he holds expires?
“ ‘It is not difficult to answer this query. An incumbent may qualify as a candidate for an office other than the one he is currently holding because he can make a truthful oath as required of him by Section 99.021(1) (f), Florida Statutes, F.S.A., by resigning before entering upon the duties of the office to which he might be elected. He would make only one oath, for he would be seeking only one party nomination and one office. Consequently no confusion would be created in the minds of the electors as would be the case were he soliciting multiple nominations. * * * ’
“For the reasons stated upon the strength of the authorities cited, it is thereupon,
“ORDERED, ADJUDGED AND DECLARED that the plaintiff, MELVIN J. RICHARD, is eligible to become a candidate for the office of Mayor of the City of Miami Beach and if elected, is eligible to serve in said office upon his resignation as a councilman of the City of Miami Beach at or before the commencement of the term of the office of mayor of the City of Miami Beach. When and if the plaintiff becomes a candidate for the office of the mayor of the City of Miami Beach and takes the prescribed oath required by the Charter amendment, he shall be held to have represented to the electorate that if successful in his bid for the office, he will fill the office which he seeks at their hands.”
* * *
We have carefully reviewed the opinion and see no reason to add to, or change, the opinion of the learned Chancellor; as no error has been shown.
It is, therefore, the decision of this court that the judgment appealed from is affirmed.