Bernard H. WHITE

v.

Frank A. SNEAR, Jr., Harry A. Mc-
Nichol, and Edward A. McErlean, indi-
vidually and as Commissioners of the
County of Delaware, Pennsylvania.

Civ. A. No. 70–1072.

United States District Court,
E. D. Pennsylvania.

May 19, 1970.

Fronefield Crawford, Jr., Wayne, Pa., for plaintiff.

Edward H. P. Fronefield, Media, Pa., for defendants.

## OPINION

LUONGO, District Judge.

Plaintiff, Bernard H. White, is a candidate for the Republican nomination for the United States House of Representatives in the 7th Congressional District which includes Delaware County, Pennsylvania. He seeks here a preliminary injunction against defendants, Frank A. Snear, Jr., Harry A. McNichol and Edward A. McErlean, County Commissioners of Delaware County, to prevent their giving county employees the day off on Primary Election Day, May 19, 1970, to engage in political activities. Plaintiff's argument is that these employees will be used by a certain segment of the Republican party to frustrate his bid for the nomination, thus depriving him of the equal protection of the laws.

Defendants have filed both a Motion to Dismiss and an Answer to the Complaint. Defendants assert that the conduct complained of does not discriminate against plaintiff, but even if it does, plaintiff is not entitled to relief. They contend further that (1) the court lacks subject matter jurisdiction; (2) the court lacks jurisdiction because the conduct complained of is "political" in nature, and hence non-justiciable; (3) plaintiff lacks standing to present the claim; and (4) the complaint fails to state a claim upon which relief can be granted.[1]

Hearing has been held and relevant evidence submitted. The motion to dismiss will be denied, and an appropriate order will be entered enjoining defendants from continuing certain practices.

1. The defendants also allege that the complaint fails to join indispensable parties, specifically the other members of the Salary Board. Since appropriate relief can be fashioned in the absence of the other parties, Rule 19, F.R.Civ.P. does not require that the complaint be dismissed.

### I. *Motion to Dismiss.*

The complaint alleges that plaintiff will be deprived of the equal protection of the laws in violation of the Fourteenth Amendment, and states with some specificity the State conduct complained of, and that this conduct affects plaintiff's rights. This is sufficient to state a claim upon which relief may be granted and this court has jurisdiction of such a claim under 28 U.S.C. § 1343(3).

The complaint reveals that plaintiff has a "personal stake" in the outcome of this controversy and that the dispute touches upon the legal relations of parties having adverse legal interests. This is all that is required to give plaintiff standing in this court. See Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L. Ed.2d 947 (1967); Lemon v. Kurtzman, 310 F.Supp. 35 (E.D.Pa., filed November 28, 1969) (Opinion by Troutman, J.)

Defendants also contend that this suit involves a dispute which is "political" in nature, and hence outside the jurisdiction of the courts since "political" issues are non-justiciable controversies. In Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), the Supreme Court of the United States held that the concept of non-justiciability of "political" issues is limited to questions involving disputes among the three branches of the federal government and has no application to the jurisdiction of federal courts over State action which is alleged to violate an individual's political rights. The Court stated that "the mere fact that the suit seeks protection of a political right does not mean it presents a political question." Baker v. Carr, *supra*, at 209, 82 S.Ct. at 706. I conclude, therefore, that the complaint raises a justiciable controversy and may properly be considered on the merits.

The motion to dismiss will be denied.

### II. *Equal Protection Claim.*

In order to properly understand the nature of plaintiff's complaint, some factual background must be set forth.

Plaintiff is a candidate for the Republican nomination for Congress for the 7th Congressional District of Pennsylvania. The defendants are the County Commissioners of Delaware County,[2] and are thereby also *ex officio* members of the Salary Board of Delaware County which is the body charged with establishing regulations concerning pay scales, sick leave, and vacation. 16 P.S. § 4820 et seq. Defendants' Exhibit #1. Defendants Snear and McNichol are the Republican County Commissioners. They are also members of the Republican Board of Supervisors for Delaware County which controls the regular Republican party in the county.[3]

Although the Salary Board in 1964 adopted a regulation declaring Primary Election Day as a holiday during which the "Court House and other County Buildings shall be closed", [Defendants' Exhibit #1], in fact that the offices are not closed. Instead the offices are kept open and a skeleton force maintained. The majority of employees, although absent from their jobs and actually electioneering, are recorded as present and working. By contrast, on legal holidays, all county offices are closed and no personnel work.

Defendants candidly concede that non-civil service employees of the county are appointed under the patronage system, that is, one seeking employment with the county must first gain approval of his local Republican committeeman or committeewoman and local member of the Republican Board of Supervisors. Defendants also admit that these em-

---

2. The County Commissioners are vested with the corporate powers of the county. 16 P.S. § 3202. They are elected every four years. In the election of County Commissioners, each qualified elector is permitted to vote for no more than two persons. 16 P.S. § 3501. This voting procedure permits minority representation on the Board.

3. The Board of Supervisors is composed of district leaders selected by Republican committeemen and committeewomen.

ployees are "requested"[4] to make voluntary contributions to the campaign treasury established by the Board of Supervisors for endorsed candidates. In recent years, the employees' contributions have amounted to as much as 75–80% of the total campaign funds.

On Primary Election Day, patronage employees are required by the Republican Board of Supervisors to be present at the polls to aid those candidates endorsed by the Board. These county employees, unlike other party workers, are not remunerated for their services by campaign funds since they are regarded as being present and working at their county jobs. These employees perform valuable services for the endorsed candidates.

Under Salary Board regulations, county employees are entitled to a specified number of days for vacation and for sick leave, depending upon length of service. Absences from employment (on other than regular holidays) are recorded. Absences are charged either to vacation or, where appropriate, to sick leave. When the allotted number of vacation and sick leave days has been used up, employees are docked for further time absent from work. Recording an employee present at his county job when in fact he is away from it electioneering, results in the county paying him a day's wages for political activity, not for the performance of his county job.

Plaintiff contends that the necessary effect of this practice is to discriminate against him as well as all other non-endorsed candidates. He requests the court to enjoin the defendants from permitting county employees to absent themselves from their jobs on Primary Election Day, May 19, 1970, unless they furnish proof of illness.

I agree with plaintiff's contention that the conduct complained of is discriminatory and is in violation of his rights under the Equal Protection Clause. The relief which I may properly grant, however, is not as broad as that which plaintiff requests.

At the outset it should be pointed out that plaintiff does not attack the patronage system itself, and that he does not attack the right of county employees actively to support candidates of their choice, including those endorsed by the Republican Board of Supervisors. What plaintiff does attack is the abuse of the patronage system whereby the weight of state power (here municipal power) is brought to bear directly to effect the outcome of an election.

■■ It is unquestioned that plaintiff has a federally protected right to engage in political activity, including the right to run for public office. United Public Workers of America (CIO) v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1946); Johnson v. Minnesota Civil Service Dept., 280 Minn. 61, 157 N.W.2d 747 (Minn.1968). Nominating procedures of political parties are part and parcel of the ultimate electoral process established by Pennsylvania, hence, plaintiff's right to run for public office entitles him to protection from invidious discrimination and interference by the State in the nomination process. See United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941); Smith v. Allwright, 321 U.S. 649, 64 S. Ct. 757, 88 L.Ed. 987 (1944).

The question which arises under the Equal Protection Clause is whether, in the exercise of a right guaranteed by the Constitution, an individual or class is being discriminated against by the State either by a particular law, or by the manner in which a law is applied. See, *e.g.*, Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968); United States v. Louisiana, 225 F.Supp. 353 (E.D.La.1963), aff'd 380 U.S. 145, 85 S.Ct. 817, 13 L.Ed.2d 709 (1965).

---

4. Mrs. Hunter, former Prothonotary for Delaware County, testified that if an employee fell in arrears on the amount he was to contribute, she was requested by the Republican campaign treasurer to remind the employee to bring his payments up to date.

The narrow issue presented here is whether the administration of an admittedly valid state law, and the regulations promulgated pursuant thereto, is discriminatory as applied, i.e. by recording employees present at their county posts when they are electioneering.

That such action by municipal officers is state action cannot be denied. See Avery v. Midland County, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45 (1968); Hackett v. President of City Council, 298 F.Supp. 1021 (E.D.Pa., filed April 19, 1969). Further, the facts clearly indicate discrimination. Defendants have control over county employees. Defendants Snear and McNichol, the majority Commissioners, have announced their support of, and have encouraged county employees to support, those candidates endorsed by the Republican Board of Supervisors. The necessary effect of these "suggestions" by those with the power to hire and fire, coupled with the practice of paying county employees their day's wages for election activities, is a state subsidy in favor of endorsed candidates and discriminates against non-endorsed candidates. Finally, the discrimination is purposeful. Defendants Snear and McNichol are aware that patronage employees will, almost without exception, be at the polls and they have reason to believe that these employees will be working for the candidates endorsed by the Republican Board of Supervisors. Crediting such employees with a day's work at public expense, under such circumstances, is purposeful, albeit sophisticated, discrimination. The Constitution forbids " 'sophisticated as well as simple-minded modes of discrimination.' " Reynolds v. Sims, 377 U.S. 533, 563, 84 S.Ct. 1362, 1382, 12 L.Ed.2d 506 (1964), citing Lane v. Wilson, 307 U.S. 268, 275, 59 S.Ct. 872, 83 L.Ed. 1281 (1939).

■ The effect of defendants' conduct is to favor a certain segment of a political party and to perpetuate its power through an abuse of authority conferred upon defendants by the state. By doing so, they discriminate against all other segments and candidates within that party. A clearer violation of the Equal Protection Clause would be difficult to imagine. See Moore v. Ogilvie, 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969); Williams v. Rhodes, *supra;* Reynolds v. Sims, *supra;* Noonan v. Rousselot, 239 Cal.App.2d 447, 48 Cal. Rptr. 817 (District Court of Appeals, 1966); Oliver v. Donovan, 293 F.Supp. 958 (E.D.N.Y.1968). Plaintiff has no adequate remedy at law and clearly will be irreparably harmed if the practices complained of are not halted prior to Primary Election Day.

■ I come now to the question of remedies. County employees are entitled to engage in political activity in support of candidates of their choice [*cf.* United Public Workers v. Mitchell, *supra*]. It would infringe upon their rights if I were to enter an order prohibiting employees from absenting themselves from work on Primary Election Day. It is proper, however, to enjoin the Commissioners from recording as present those employees who absent themselves from work that day. Employees who are absent must be so recorded. The lost time must either be charged against allotted vacation time or must go uncompensated.

The foregoing will constitute the Findings of Fact and Conclusions of Law pursuant to Rule 52(a), F.R.Civ.P.

## ORDER

This 15th day of May, 1970, it is ordered:

1. Defendants' Motion to Dismiss is denied.

2. Defendants Frank A. Snear, Jr., Harry A. McNichol and Edward A. McErlean are enjoined from recording as present those county employees within their jurisdiction who are absent from their county posts to engage in political activity on Primary Election Day, May 19, 1970.

3. This injunction shall issue and become effective upon the posting of security by plaintiff in the amount of One

Hundred Dollars ($100) for the payment of such costs and damages as may be incurred or suffered by the defendants if it be found that the injunction wrongfully issued.