**H. B. McKINNEY, Plaintiff,**

v.

**Harry KAMINSKY, as Chairman of the Montgomery County Democratic Executive Committee, and the Montgomery County Democratic Executive Committee, Defendants.**

**Civ. A. No. 3606–N.**

United States District Court,
M. D. Alabama, N. D.
March 28, 1972.

290

Duke, Booth, Kaufman & Rothfeder,
Montgomery, Ala., for plaintiff.

Smith, Bowman, Thagard, Crook & Culpepper, Montgomery, Ala., for defendants.

## DECLARATORY JUDGMENT AND PERMANENT INJUNCTION

VARNER, District Judge.

### FINDINGS OF FACT

This case is now submitted upon Plaintiff's complaint filed herein on March 2, 1972, seeking a declaration of the constitutionality of and a temporary and permanent injunction against enforcement of certain of the provisions of Section 400, Vol. 14, Appendix, Code of Alabama, 1940, Recompiled 1958, as last amended, against Defendants, Harry Kaminsky, as Chairman of the Montgomery County Democratic Executive Committee, and the Montgomery County Democratic Executive Committee. The Honorable George C. Wallace, Governor, and the Honorable William J. Baxley, Attorney General, State of Alabama, were served with copies of the pleadings in this case on March 14, 1972, but neither has made appearance herein on behalf of Defendants or the State of Alabama.

The aforementioned Section 400 is a general statute stipulated to be of local application regulating the election of members of the governing body of Montgomery County, Alabama. Insofar as is here pertinent, the statute provides:

"* * * candidates for nomination or election as members of the governing body of the county must reside in such districts, as now provided by law; and no person shall be eligible to nomination or election * * * unless the person is a resident and qualified elector of the district for which he is elected both at the time of his election and during his continuance in office, and has resided in such district for at least five years preceding the date on which he qualifies for nomination or election."

Montgomery County is divided into three districts, designated as northern, southeastern and southwestern.

On February 18, 1972, Plaintiff filed with the Defendant Democratic Executive Committee the necessary declaration of candidacy and filing fee to enter the May 2, 1972, Democratic Primary for the office of County Commissioner from the Southwestern District. Subsequent thereto, the Defendant Kaminsky notified Plaintiff that he was not eligible to seek election from the Southwestern District due to the length of his residence in said district. Thereupon, Plaintiff brought this action against Defendants, seeking a temporary restraining order restraining Defendants from not accepting Plaintiff as a qualified candidate from the Southwestern District, and further restraining Defendants from not certifying Plaintiff to the Probate Judge of Montgomery County as such qualified candidate. Plaintiff further prayed that this Court, upon final hearing of this case, enter an order declaring the aforementioned Section 400 unconstitutional insofar as it requires a five-year residency in the district, permanently enjoining Defendants from enforcing such provision, and compelling Defendants to accept Plaintiff as a Democratic Party Candidate for County Commissioner. Due to the urgency for a determination of the issues herein, a preliminary injunction was issued by this Court on March 7, 1972, temporarily enjoining Defendants, their agents or successors, from failing to accept Plaintiff as a qualified candidate and from failing to certify him to the Probate Judge of Montgomery County.

Upon final hearing, there appeared the Plaintiff McKinney and the Defendant Kaminsky, and their respective counsel, wherein the following stipulations were made:

1. That Plaintiff has been a resident of Montgomery County continuously since 1947; that he moved into the Southwestern District of said county in September, 1970, having lived in the Northern District thereof for twelve years prior to such move;

2. That Plaintiff is presently the President and owner of Triangle Elec-

tric Construction Company, with its office in the Northern District of Montgomery County, and that said company has done business throughout the county for the past fifteen years;

3. That at all times prior to March 20, 1972, Plaintiff was registered to vote in Box 5-E, Northern District, Montgomery County, and that Plaintiff continued to vote in said Northern District after he moved to the Southwestern District, voting in said Box 5-E in the Mayoral and City Commission elections of 1971;

4. That the deadline for qualifying in the Democratic Primary was 12:00 noon March 1, 1972, at which time Plaintiff was registered to vote in the Northern District of Montgomery County;

5. That Plaintiff has been a property owner in the Southwestern District since January, 1970, is actively engaged in cattle farming thereon, and is a member of the Board of Directors of South Montgomery Academy, located in the Southwestern District;

(6) That Montgomery County is governed by a County Commission consisting of five members, and that said county is divided into three districts commonly referred to as the northern, southeastern and southwestern;

7. That the election of persons to the aforesaid Commission is governed by Section 400, Appendix Code of Alabama 1940 (passed as Act No. 685, House No. 1093, September 20, 1957) and that said section was amended in the last legislative session to exclude its application to all counties except Montgomery County;

8. That the Northern District has three places on said Commission, and the Southeastern and Southwestern Districts one each, and that said places are filled by a vote of the electors of the county at large;

9. That on February 18, 1972, Plaintiff filed with the Defendant Committee a qualification blank, by which he declared himself a candidate for the democratic nomination in the primary elections to be held Tuesday, May 2, 1972, and Tuesday, May 30, 1972, for the office of Montgomery County Commissioner, Southwestern District, and that Plaintiff paid to said Committee a qualifying fee of $100.00;

10. That on February 29, 1972, Defendant Kaminsky returned to Plaintiff his qualifying fee, with a letter stating that Plaintiff was not eligible to seek election to the aforementioned office; and

11. That pursuant to the preliminary injunction issued by this Court, the Defendant Kaminsky reaccepted the Plaintiff's qualification blank and filing fee and certified him as a Democratic Party Candidate to the Probate Judge of Montgomery County.

## CONCLUSIONS OF LAW

The Defendants contend that the question of the constitutionality of the five-year residency requirement should not be reached, in that the Plaintiff did not register to vote in the Southwestern District until March 20, 1972, and was, therefore, not a "qualified elector" therein, and is otherwise not eligible to hold the office he seeks. Defendants rely on Constitution of Alabama, Section 178, and Title 17, Section 12, Code of Alabama 1940, Recompiled 1958, in support of this argument.

Code of Alabama, Title 17, Section 12, is, in pertinent part, as follows:

"§ 12. *Qualification of elector to vote.*—Every citizen * * * who shall have resided in this state at least one year, in the county six months, and in the precinct or ward three months, immediately preceding the election at which he offers to vote, and who shall have been duly registered as an elector, * * * shall be an elector, and shall be entitled to vote at any election by the people."

Section 178, Article 8 of the Constitution of 1901, is, in pertinent part, as follows:

> "Section 178. To entitle a person to vote at any election * * *, he shall have resided in the state at least one year, in the county six months, and in the precinct or ward three months, immediately preceding the election at which he offers to vote, and he shall have been duly registered as an elector, and shall have paid on or before the first day of February next preceding the date of the election at which he offers to vote, all poll taxes due * * *."

They also deny that Section 400 is unconstitutional.

No contention is made in this case that the provision requiring the candidate to be an elector of the district in which he seeks office is not reasonable and constitutional. It is, however, suggested by the Defendants that, since the candidate (Plaintiff) was not a qualified elector of the district at the time he qualified to run for office, he could not meet the requirements of Code of Alabama, Vol. 14, Appendix, § 400, as to being a "qualified elector" of the district for which he seeks to be elected. The Plaintiff is and was at the time of the announcement of his candidacy a resident of the district for which he seeks to be elected. He is now, but was not at the time of the announcement of his candidacy, a qualified elector of said district. On March 20, 1972, having resided in the State over one year, in the County over six months, and in the precinct or ward over three months, and no effective poll tax being required, the Plaintiff removed his registration into the proper district and became immediately a qualified elector thereof. The residential restrictions apply prior to, not subsequent to, registration, and the periods of time had expired prior to registration.

Statutes requiring candidates to be a resident, a voter, or an elector within the political subdivision within which they seek office may fall within two general classes: first, those requiring candidates to possess specified qualifications at the time when elected and when the term of office begins, in which event it is not necessary that the qualifications exist at the time of announcement or filing as a candidate, State ex rel. Fair v. Adams, 139 So.2d 879 (Fla); Davis ex rel. Taylor v. Crawford, 95 Fla. 438, 116 So. 41; and, second, those which require the candidate to possess the required qualifications at the time of announcement or filing of his candidacy, Sanders v. Judicial District Committee, (La.App.) 73 So.2d 629; Towles v. Percy, (La.App.) 54 So.2d 877; State ex rel. Latimer v. Leonard, 65 Ohio App. 158, 29 N.E.2d 432; Defilipis v. Russell, 52 Wash.2d 745, 328 Pac.2d 904.

The Alabama statute, Section 400, clearly falls within that group of state statutes which require specified qualifications (being a qualified elector) "at the time of election and during his continuance in office." The terms "nomination" and "election" generally refer to the times when the ballots are cast, Ex parte Southern Building Code Congress, 282 Ala. 523, 213 So.2d 365; Bridges v. McCorvey et al., 254 Ala. 677, 49 So.2d 546; Vickery v. King, 281 Ala. 303, 202 So.2d 148, 153. Plaintiff became a qualified elector of the proper district after his announcement and before the primary election.

It would, therefore, appear that the Plaintiff is a resident and qualified elector of the district for which he seeks election and that the fact that he was not a qualified elector at the time he announced his candidacy is not controlling.

We turn then to the question suggested by the requirement that he have "resided in such district for at least five years preceding the date on which he qualifies for nomination or election." Plaintiff admits that he has not lived in the proper district for five years but insists that the five-year provision deprives him of equal protection of the laws and deprives him of property (his

right to seek and hold office) without due process of law.

 The right to seek and hold public office and to engage in political activity is a property right. Joyner v. Browning, (Tenn.) 30 F.Supp. 512; Gonzales v. City of Sinton, D.C., 319 F. Supp. 189; Stapelton v. City of Inkster, D.C. 311 F.Supp. 1187; White v. Snear, D.C., 313 F.Supp. 1100. This right is protected by the Federal Constitution, Balanwski v. Raich, D.C., 330 F.Supp. 724. While it is competent for the Legislature to prescribe qualifications for one who desires to become a candidate for office under the state's police powers, McDonald v. Key, (Okl.CCA) 224 F.2d 608, cert. den. 350 U.S. 895, 76 S. Ct. 153, 100 L.Ed. 787, those qualifications must be reasonable and not in conflict with any constitutional provision. 29 C.J.S. Elections § 130, p. 378; Broughton v. Pursifull, 245 Ky. 137, 53 S.W.2d 200; Riter v. Douglass, 32 Nev. 400, 109 Pac. 444; Gansz v. Johnson, 9 N.J.Super. 565, 75 A.2d 831.

██ █ Any questions or doubts of eligibility of a candidate to seek political office should be resolved in favor of the candidate. City of Miami Beach v. Richard, 173 So.2d 480 (Fla.C.A.); Cottingham v. Voyt, 60 N.J.Super. 576, 160 A.2d 57; Fisher v. Taylor, 210 Ark. 380, 196 S.W.2d 217, 220; Kantenburger v. Jackson, 85 Ariz. 128, 333 Pac.2d 293, 294; Thompson v. Dickson, 202 Or. 394, 275 Pac.2d 749; State ex rel. Pucel v. Green, 101 Ohio App. 531, 133 N.E.2d 170, 173, affm'd. 165 Ohio St. 175, 134 N.E.2d 154. However, this proceeding seeks an injunction and, usually, to justify a permanent injunction, the law should clearly favor the movant. Miami Beach Fed. S & L Assn. v. Callander, 5 Cir., 256 F.2d 410.

 The state's right to prescribe qualifications of one seeking public office, McDonald v. Key, supra, is a police power reserved to the states under the Tenth Amendment of the Constitution and must be weighed in that light of rights of individuals to equal protection and due process secured by the Fourteenth Amendment. If the state's exercise of its right to prescribe qualifications of candidates invades an individual's right to equal protection of the laws, those qualifications are unconstitutional unless there is a showing of a compelling state interest thereunto pertaining. Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600; Kramer v. Union Free School District, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583; Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647.

The five-year residential restriction is constitutional only if there is a showing by the state of a compelling state interest therein. Defendants contend that a compelling state interest is derived from the fact that a County Commissioner should be particularly knowledgeable concerning the geography and the roads and bridges of the part of the county in which he is to serve.[1]

The commissioners are particularly responsible for peculiar knowledge of the conditions of the roads in their particular districts though they are elected by the electorate of the whole county. Obviously, a person who has resided primarily in a more populous area of a county and is better known in a more populous area of a county enjoys the likelihood of having more of the voters favor him than one who has resided and conducted his business in a sparsely populated area and has had few contacts outside of that area. It is argued that the state has an interest in requiring a person representing a particular district in a county to have resided in that county for a rather long length of time so that he would not have unfair political competition from persons who have resided primarily in the more populous areas of the county.

---

1. Code of Alabama, Title 12, §§ 11, 12 and 28, prescribe the duties of the Commissioners concerning establishment, maintenance and change of roads and bridges within the county.

The courts have often indicated that times far less than five years required for residence or for other qualifications either for voting or for holding office were unreasonable.

In Stapelton v. City of Inkster, supra, a two-year property ownership requirement for candidates was declared unconstitutionally repugnant to the Equal Protection Clause of the Constitution as not involving a compelling state interest. In Hadnott v. Amos, et al., 320 F.Supp. 107 (M.D.Ala.1970), a one-year residential requirement for a candidate for Circuit Judge, while not declared completely beyond the scope of a compelling state interest, was scrutinized with extreme caution by a three-judge court of this district. In Balonwski v. Raich, supra, a three-year residential requirement for mayor was declared not to involve such a compelling municipal interest as to outweigh the rights of prospective candidates to equal protection of the laws.

■ The proposition that no compelling state interest is involved gains some strength from the fact that the Legislature, in its wisdom, has seen fit to require a five-year residence within the districts of election in counties having populations of not less than 125,000 nor more than 225,000, according to the last or any subsequent federal decennial census (Code of Alabama, Vol. 14, Appendix, § 400) and that, upon Madison County's having attained this population, the Legislature amended Section 400 specifically exempting Madison County therefrom. The Court judicially knows that other counties contain urban and rural areas of unequal population, and the Legislature has not seen fit to place residence requirements of several years in the district for which the commissioner offers for election in those counties.

This Court also considers significant the analysis of residentiary requirements for various state and local offices within the state, county, district, and the United States as follows:

| OFFICE | STATE | COUNTY | DISTRICT | U.S. |
|---|---|---|---|---|
| Governor | 7 years [3] | None [2] | None | 10 years [3] |
| Lt. Governor | 7 years [3] | None [2] | None | 10 years [3] |
| Attorney General | 5 years [4] | None [2] | None | 7 years [4] |
| State Auditor | 5 years [4] | None [2] | None | 7 years [4] |
| Secretary of State | 5 years [4] | None [2] | None | 7 years [4] |
| State Treasurer | 5 years [4] | None [2] | None | 7 years [4] |
| Superintendent of Education | 5 years [4] | None [2] | None | 7 years [4] |
| Commissioner of Agriculture and Industries | 5 years [4] | None [2] | None | 7 years [4] |
| State Senator | 3 years [5] | None [2] | 1 year | None [5] |
| State Representative | 3 years [5] | None [2] | 1 year | None [5] |
| State Judges | 5 years [6] | None [2] | None | 5 years [6] |
| Circuit Judges | 5 years [6] | None [2] | 1 year [7] | 5 years [6] |
| Probate Judge | 5 years [6] | 1 year [8] | None | 5 years [6] |

2. Since Title 41, § 5, Alabama Code 1940, requires that candidates for all offices be qualified electors, which under Title 17, § 12, Alabama Code 1940, established residence of one year in the state, six months in the county and three months in the precinct or ward, it could be argued that six months residency in some county is required for all offices.

3. Constitution of Alabama, 1901, § 117.

4. Constitution of Alabama, 1901, § 132.

5. Constitution of Alabama, 1901, § 47.

6. Constitution of Alabama, 1901, § 154.

7. Constitution of Alabama, 1901, § 154. Code of Alabama, 1940, Title 13, § 176.

8. Constitution of Alabama, 1901, § 154. Code of Alabama, 1940, Title 13, § 273.

Insofar as the county offices of Tax Collector, Tax Assessor and Circuit Solicitor are concerned, Title 41, Section 5 and Title 17, Section 12, Code of Alabama 1940, required only one year in the state, six months in the county and that they reside in the county or circuit when elected.

This Court [9] is, therefore, of the opinion that there is no compelling state interest requiring that a county commissioner reside within the district for which he offers himself for election for a period of five years; that that part of Section 400, as follows: "and has resided in such district for at least five years preceding the date on which he qualifies for nomination or election," is repugnant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and, therefore, does not prevent the Plaintiff from qualifying as a candidate for the position he seeks. The Court is further of the opinion that a permanent injunction should issue in this cause restraining the Defendants from refusing to certify the Plaintiff as a candidate for County Commissioner for the Southwestern District of Montgomery County for the reason that he has not resided in the district for at least five years preceding the date on which he qualified for nomination or election or for the reason that he was not an elector thereof prior to March 20, 1972.

## DECLARATORY JUDGMENT AND PERMANENT INJUNCTION

This opinion constitutes the findings of fact and conclusions of law of this Court. It is, therefore,

Considered, ordered and decreed as follows:

1. That the provision of Section 400, Vol. 14, Appendix, Code of Alabama, 1940, Recompiled 1958, requiring as a prerequisite to qualifying as a candidate for County Commissioner, five years

residency within the district from which one seeks to qualify, is a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and the same is hereby declared to be void.

2. That Harry Kaminsky, as Chairman of the Montgomery County Democratic Executive Committee, and the Montgomery County Democratic Executive Committee, Defendants herein, are enjoined from failing to accept the Plaintiff, H. B. McKinney, as a Democratic Party candidate for the office of County Commissioner, Montgomery County, Southwestern District, for the primary election to be held on Tuesday May 2, 1972, and Tuesday, May 30, 1972, for the reasons herein determined.

---

9. The parties have agreed that this is a general statute of local application to Montgomery County alone, and no suggestion has been made herein by either party that a three-judge court should hear this proceeding.