John Jerome HALEY and Vernon C. Garrison, Plaintiffs,

v.

Kie D. HALL, Director of Arkansas Public Employees Retirement System, and Winfred Clardy, Director of the Arkansas Teacher Retirement System, Defendants.

Civ. No. LR–C–87–920.

United States District Court, E.D. Arkansas, W.D.

April 3, 1990.

Robert M. Ford, Killough, Ford & Hunter, Wynne, Ark., for plaintiffs.

Kay J. Jackson Demailly, Asst. Atty. Gen., Little Rock, Ark., for defendants.

## MEMORANDUM OPINION

ROY, District Judge.

This case has been submitted to the Court upon a lengthy stipulation of facts

---

agreed to by all parties. The Court will, thus, view this matter as it would one in which cross-motions for summary judgment were pending. For the reasons which follow, the Court finds that defendants are entitled to judgment as a matter of law upon plaintiffs' claims herein.

The relevant facts in this action, as stipulated by all parties, are as follows:

1. That plaintiff, John Jerome Haley, is a citizen of the United States and a resident of the City of Camden, County of Ouachita, State of Arkansas; that plaintiff, Vernon C. Garrison, is a citizen of the United States and a resident of the City of Camden, County of Ouachita, State of Arkansas; that defendant, Kie D. Hall, is a citizen of the United States and a resident of the City of Little Rock, County of Pulaski, State of Arkansas; that defendant, Winfred Clardy, is a citizen of the United States and a resident of the City of Little Rock, County of Pulaski, State of Arkansas.

2. That at all times mentioned herein, plaintiffs were employed as Superintendent of their respective local school districts, Harmony Grove School District # 1 and Camden Public Schools, respectively, and were thereby contributory members in the Arkansas Teachers Retirement System (ATRS).

3. That John Jerome Haley's retirement annuity calculated in December of 1987 without the incentives of Act 187 [of 1987] would be $26,356.59 annually; that his retirement annuity with the incentives of Act 187 would be $30,689.92.

4. That Vernon C. Garrison's retirement annuity calculated in December of 1987 without the incentives of Act 187 would be $30,421.23 annually; that his retirement annuity with the incentives of Act 187 would be $38,084.19.

5. That during the 1987 Regular Legislative Session, the 76th General Assembly [of the State of Arkansas] enacted Act 187 which allowed certain qualified members of the Arkansas Public Employees Retirement System (APERS), The Arkansas State Highway Employees Retirement System, or The State Police Retirement System to qualify for early retirement.

6. That Act 187 provided numerous incentives which would result in substantially increased retirement benefits.

7. That subsequent to the enactment of Act 187, The General Assembly enacted Act 808 so as to allow "certain state employees" who were members of the ATRS to elect to become members of the APERS and thereby retire under Act 187.

8. That only those members of the ATRS who are employees of a "state agency" are eligible to transfer their credited service to the APERS.

9. That members of the ATRS include employees of state agencies such as the State Board of Education, the State School for the Blind, the State School for the Deaf (which are purely state and federally funded), as well as employees of the local school district such as school teachers, principals, and the school board which receive salaries from the combination of state and local funds.

10. That plaintiffs, if considered to be employees of a "state agency" would meet all of the qualifications to be eligible to elect early retirement under Acts 187 and 808.

11. That plaintiffs are not considered employees of a state agency as Ark.Code Ann. § 24–4–101(9) states that " 'non-state employees' means county employees, municipal employees, and school employees." The plaintiffs are therefore ineligible to transfer their credited service in the ATRS to the APERS under Act 808.

12. That plaintiffs' participation in the ATRS was not voluntary, but was a precondition to employment.

13. That plaintiffs were contributory members of the ATRS; that Mr. Haley had 39 years of credited service in the ATRS in December, 1987; that Mr. Garrison had 36 years of credited service in the ATRS in December, 1987.

14. That plaintiffs' contributed 6% of their annual salary to the ATRS during their years of credited service.

15. That those employees who must participate in the ATRS is mandated by law.

16. That a member of the ATRS who elects to retire under Acts 187 and 808 has his years of credited service transferred from the ATRS to the APERS; that the retiree's annuity is calculated under Act 187.

17. That prior to the enactment of Act 808 it was legally impermissible to transfer years of credited service from the ATRS to the APERS.

18. That the retiree is paid his monthly benefits by the APERS; that the APERS bills the ATRS for the amount paid; that the ATRS then reimburses the APERS the entire amount paid.

19. That the ATRS, in essence, will be required to pay the retirement benefits of its former members who are now members of the APERS.

20. That the increase in retirement annuities payable pursuant to Act 187 and Act 808 have created an additional actuarial liability of $11.8 million upon the ATRS fund.

21. That 180 people within the ATRS elected to take early retirement under Act 808.

22. That there were approximately 39,-000 members of the ATRS in December, 1987, with approximately 600 of those being considered to be employees of a "state agency."

23. That an individual who elected early retirement under Act 808 is eligible to accept subsequent employment with an employing entity within the ATRS; and that several individuals have done so. However, that individual is not allowed to participate in any other retirement system.

24. That the plaintiffs submitted the appropriate applications to the defendants for early retirement under Acts 808 and 187, but said applications were denied.

25. Both parties stipulate to all facts contained within the deposition of Kie D. Hall, as well as to the factual information provided during said deposition.

26. Both parties stipulate to all facts contained within the deposition of Bill A. Shirron, the current Executive Director of the ATRS, as well as to the factual information provided during said deposition.

27. Both parties stipulate to the wording and content of Act 808 of 1987.

28. Both parties stipulate to the wording and content of Act 187 of 1987.

29. That Defendants, in their official capacity, consider the Plaintiffs to be employees of a local school district, and not employees of a "state agency" and are thereby ineligible to transfer their credited service in the ATRS to the APERS under Act 808.

30. That Act 808 allows certain members of the ATRS, who are considered employees of a "state agency," to elect early retirement, while disallowing other members, who are not considered employees of a "state agency" said election.

31. That Act 717 of 1987 allowed county employees of the APERS to elect early retirement under the auspices of Act 187; that 162 county employees opted to retire early at the cost of $5,000,000.00 to the APERS.

Plaintiffs filed this action on December 23, 1987 seeking "declaratory and injunctive relief arising under the Fourteenth Amendment to the Constitution of the United States, and 42 U.S.C. § 1983." Specifically, plaintiffs contend that their exclusion by the 76th General Assembly from the class of public employees authorized to avail themselves of the early retirement incentives created by Act 187 has denied them the equal protection of the laws in violation of the Fourteenth Amendment. In addition, plaintiffs claim that, due to the increased amounts paid out of the ATRS as a result of Act 187 and Act 808, the ATRS will be rendered actuarially unsound and plaintiffs' retirement annuities will be threatened. Plaintiffs contend that this threat to the ability of the ATRS to pay out the full amount of their annuities constitutes a taking of their property without due process of law in derogation of the Fourteenth Amendment. Plaintiffs ask the

Court to declare that all members of the ATRS shall be afforded the opportunity to elect early retirement under Acts 808 and 187 and "that the financial burden placed upon the ATRS by the availability of subsequent employment within and additional benefits from the ATRS is an unconstitutional taking...."

In their answer and brief, defendants argue that this Court should abstain from hearing this case in order to allow a court of the State of Arkansas to first consider plaintiffs' challenges to Act 187 and Act 808. Alternatively, defendants assert that, should the Court decline to abstain, plaintiffs' claims must fail on account of the legitimate intent of the Legislature in adopting the two acts. Defendants contend that, in either event, plaintiffs' claims against them should be dismissed.

■ The Court will first address the abstention issue. After considering the facts and circumstances of this case in the light of the five factors set out by the Eighth Circuit in *George v. Parratt*, 602 F.2d 818, 820–22 (8th Cir.1979), the Court finds that abstention would not be appropriate herein. None of those factors dictate that the Court should abstain from hearing this case. Defendants argue, and plaintiffs seem to agree, that the language of Act 187 and Act 808 is quite clear and not fairly susceptible to any interpretation other than that plaintiffs and others similarly situated are not eligible thereunder for the early retirement incentives. Further, the Court is convinced that retaining jurisdiction over this case will have a negligible impact on the operations of the State of Arkansas. Accordingly, defendants' request for abstention is denied. The Court will dispose of plaintiffs' claims on their merits.

■ The Court agrees with the parties that the "rational basis" standard is the proper test for determining whether plaintiffs have been deprived equal protection by the Legislature's exclusion of them from the class of public employees entitled to elect early retirement, for the Legislature's classification does not impermissibly interfere with the exercise of a fundamental right nor does it operate to the peculiar disadvantage of a suspect class. *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 312, 96 S.Ct. 2562, 2566, 49 L.Ed.2d 520 (1976). In *Murgia*, the Supreme Court ruled that a Massachusetts statute providing for mandatory retirement of uniformed state police officers at age 50 was rationally related to a legitimate state interest and, thus, did not violate the Equal Protection Clause. The Court also agrees with plaintiffs that they bear the "burden of establishing that defendants, acting under the color of state law, intentionally discriminated against plaintiffs and that there was no rational basis for the discriminatory treatment." (Plaintiffs' Reply Brief, 3).

■ Plaintiff's burden in this regard is quite substantial. In discussing the rational-basis standard in *Murgia*, the Supreme Court noted that "[t]his inquiry employs a relatively relaxed standard reflecting the Court's awareness that the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one. Perfection in making the necessary classifications is neither possible nor necessary." 427 U.S. at 314, 96 S.Ct. at 2567. With respect to the classifications drawn by the Arkansas General Assembly in adopting Act 187 and Act 808, defendants point out that the primary intent was to facilitate a savings of state revenues by lowering the number of employees on the state payroll through the use of early retirement incentives. Once state jobs were vacated by employees opting for early retirement, they were presumably eliminated.

The Court finds that that explanation alone provides a rational basis for the distinctions made in the statutes, for plaintiffs were not "state employees" inasmuch as they were on the payroll of a local school district.[1] A rational basis having been

1. In their Reply Brief, plaintiffs also rely upon Act 717 of 1987, a law which permitted certain county employees to choose early retirement and the accompanying incentives, in support of their arguments. Inasmuch as plaintiffs have not raised any issues concerning Act 717 in their complaint, the Court will not address its

found, it is not within the province of the Court to question the wisdom or fairness of the classifications drawn. Moreover, plaintiffs have failed to establish that the classification was motivated by some impermissible discriminatory purpose. "'Discriminatory purpose' ... implies that the decision-maker, in this case a state legislature, selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Massachusetts v. Feeney,* 442 U.S. 256, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979). There is no evidence that the Legislature intended to harm plaintiffs or any other members of the ATRS, because of their membership in ATRS, by the manner in which the classifications were drawn. Although the distinctions drawn may be unfair or inequitable, they do not violate the Equal Protection Clause. Thus, plaintiffs' claims thereunder must fail.

So, too, must plaintiffs' claim of a taking of their property without due process of law. Plaintiffs have simply failed to meet their burden of proof on this claim, for no specific facts or circumstances have been presented to the Court to support the contention that plaintiffs' annuities have been in any way harmed or threatened. All of plaintiffs' claims against defendants must be dismissed. Judgment in accordance with this Opinion shall be entered forthwith.

constitutionality or any of the classifications drawn therein.