The Honorable W.H. "Bill" Sanson State Representative 489 Highway 36 Vilonia, AR 72173
Dear Representative Sanson:
This is in response to your request for an opinion on the following question:
 Is an individual who transferred from the Teacher Retirement System to the Public Employees Retirement System and retired under the provisions of Acts 808 and 187 of 1987 eligible to run for and serve in the Arkansas State legislature?
It is my opinion that if faced with this question, a court would in all likelihood conclude that the answer is "yes." It should be noted, however, that the Arkansas appellate courts have not had occasion to address this precise issue. A conclusive determination thus remains with the judicial branch in the exercise of its power and duty to interpret legislative enactments.
Act 808 of 1987, codified at A.C.A. § 24-4-732 (Repl. 1992), authorized the transfer of state agency employees from the Arkansas Teacher Retirement System to the Arkansas Public Employees' Retirement System, thereby providing for their retirement under the so-called early retirement incentives of Act 187 of 1987. See A.C.A. § 24-4-732(a)(3) (Repl. 1992). Your question requires consideration of the provision in Act 187 which states that employees who participate in the retirement incentive program are ". . . not eligible to accept further employment in which the state is the employer." See A.C.A. §§ 24-4-732(a)(1) and 24-3-216(a)(1) (Repl. 1992).
It was suggested in an Attorney General opinion issued by a previous administration that the term "employment" would probably be construed within the context of laws governing public employees' retirement, and that under that construction "employment" would in all likelihood be deemed to include public office. Op. Att'y Gen. 87-467 at 2-3. It was subsequently noted, however, that a court will address the question of one's eligibility to serve in the General Assembly with an eye toward constitutional concerns surrounding limitations on eligibility to serve in public office. Op. Att'y Gen. 90-113 at 2 (copy enclosed).
These constitutional concerns would, in my opinion, likely lead a court to refuse to construe the prohibition in Act 187 against "further employment" as including election to the state legislature. It has been held that the right to be a candidate for public office is a fundamental one which should not be curtailed without good cause. Fisher v. Taylor, 210 Ark. 380,196 S.W.2d 217 (1946) (cited by this office in Op. Att'y Gen.92-254 regarding retroactive local legislation validating the filing of two independent candidates for alderman). The court inFisher also stated that ". . . any law or party rule, by which this inherent right of the citizen is diminished or impaired ought always to receive a liberal construction in favor of the citizen desiring to exercise the right." 210 Ark. at 387.Fisher was cited by the United States District Court for the Middle District of Alabama in its rejection of a five-year residency requirement for a county commissioner candidate.McKinney v. Kaminsky, 340 F. Supp. 289 (1972) (the court stating that "[a]ny questions or doubts of eligibility of a candidate to seek political office should be resolved in favor of the candidate." Id. at 294.)
With regard, specifically, to Act 187 and Act 808 of 1987, we have, in addition to the foregoing precepts, the benefit of an Arkansas federal district court's statement that the "primary intent" of these acts "was to facilitate a savings of state revenues by lowering the number of employees on the state payroll through the use of early retirement incentives." Haley v. Hall,733 F. Supp. 1275 (E.D. Ark. 1990). The court in Haley noted that "[o]nce state jobs were vacated by employees opting for early retirement, they were presumably eliminated."Id.[1] The court could also have noted in this regard the prohibition against subsequent employment by the state. This purpose or intent is obviously not advanced by prohibiting one's subsequent candidacy for a position in the state legislature which will be filled regardless of the retirement incentive program.
As noted in Opinion 90-113, it is unclear whether a court would apply the "compelling state interest" or the "reasonable basis" test in a constitutional review of Act 187. It is my opinion, however, that this review would likely not take place in light of the foregoing rule of liberal construction and the recognized purpose of the early retirement incentives. There is no clearly expressed legislative intent in Act 187 for the prohibition against "further employment in which the state is the employer" to include service in the General Assembly. A court could avoid a potential constitutional problem by construing Act 187 liberally, in favor of the one seeking candidacy to the legislature. And it seems that this construction would not frustrate the "primary intent" of Act 187. Indeed, a contrary interpretation may be difficult to sustain in light of this recognized purpose.
In conclusion, therefore, it is my opinion that the answer to your question is in all likelihood "yes."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Act 187 states that "[n]o position being vacated as a result of an employee retiring pursuant to the provisions of this section shall be filled without the written approval of the Governor or the Chief Fiscal Officer of the State." A.C.A. §24-4-732(b)(1) (Repl. 1992).