No. 25950

Michael Bird v. City of Colorado Springs, a municipal corporation in the State of Colorado; and Robert E. Parker, as Clerk of Colorado Springs in his official capacity

(507 P.2d 1099)

Decided March 26, 1973.      Rehearing denied April 9, 1973.

James W. Kin, Thomas R. Cross, Frank W. Davis, Phillip A. Kendall, for plaintiff-appellee.

Gordon D. Hinds, for defendants.

Walter L. Wagenhals, City Attorney, for amicus curiae, City of Boulder.

MR. JUSTICE GROVES delivered the opinion of the Court.

Article II, Section 4 of the Colorado Springs City Charter provides as follows:

"No person shall be eligible to the office of Mayor or Councilman unless he be a citizen of the United States, at least twenty-five (25) years of age, and shall have been for five years immediately preceding such election a citizen of the City of Colorado Springs, and for two years immediately preceding his election, shall have paid City taxes."

The plaintiff submitted a petition for nomination for the position of Colorado Springs city councilman, together with an affidavit which stated that at the time of the election he would have resided in the City for four years and six months. His petition and affidavit were not accepted by the City on the ground that he had not attested to having resided within the City for five years immediately prior to the City's April 3, 1973 election.

Upon complaint filed by the plaintiff, the District Court of El Paso County ruled that the five year residency requirement in Article II, Section 4 of the Colorado Springs City Charter was unconstitutional as a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The court issued a mandatory injunction ordering that the plaintiff's name be placed upon the ballot.

■ The City has sought review under 1965 Perm. Supp., C.R.S. 1963, 49-25-135. We elect to assume jurisdiction, and agree that the five-year residency requirement in the charter provision is unconstitutional, *McKinney v. Kaminsky,* 340 F. Supp. 289 (M. D. Ala. 1972) and *Zeilenga v. Nelson,* 4 Cal. 3d 716, 94 Cal. Rptr. 602, 484 P.2d 578 (1971).

Amicus Curiae asks that we pass upon the constitutionality of a durational residence requirement of less than five years. We decline to do so.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE does not participate.