## No. 25995

**Jay Cowan, Julie Hane, and John Van Ness v. The City of Aspen, a Colorado municipal corporation, The Election Commission of the City of Aspen, and Lorraine Graves, as City Clerk and Chairman of the Election Commission**

(509 P.2d 1269)

Decided May 3, 1973.

J. D. Muller, for plaintiffs-appellees.

Holland & Hart, Arthur C. Dailey, for defendants-appellants.

MR. JUSTICE HODGES delivered the opinion of the Court.

The primary issue in this case is whether the trial court was correct in declaring the three-year durational residency charter requirement for candidates for mayor and councilman of the City of Aspen to be in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

The controversy here also brings into focus a secondary issue of whether the State statute requiring one-year's residence for candidates for municipal office is constitutionally valid.

On the primary issue, we hold that the trial court's judgment invalidating as unconstitutional the three-year durational residency requirement is correct and we therefore affirm. As to the secondary issue, we find that, although the one-year durational residency statutory requirement for municipal candidates is not challenged in this appeal, it is, nevertheless, necessary and expedient at this time to resolve this issue. This is so because in this case when the charter requirement is struck down as invalid, the municipal candidates for mayor and councilman of the City of Aspen automatically become subject to the statutory durational residency requirement. We hold that the statutory requirement is valid.

Plaintiff Cowan sought to have his name placed on the official ballot as a candidate for mayor of Aspen, Colorado in the General Municipal Election to be held May 8, 1973. The other plaintiffs sought to have their names put on the ballot as candidates for councilman. Each of the plaintiffs had been a resident of Aspen for over one year but not three years. The Election Commission of the City of Aspen refused to certify the candidacy of these plaintiffs because they had not been residents of Aspen for a period of three years in accordance with Article III, Section 3.5 of the Home Rule Charter of the City of Aspen which provides in part:

"Each councilman and the mayor when nominated and

elected shall be an elector of the City, a citizen of the United States for at least three years, *and shall have resided in the City for three continuous years immediately preceding such election . . .*" (Emphasis added.)

Article II of this Charter provides in Section 2.1 as follows: "City elections shall be governed by the Colorado Municipal Election Laws as now existing or hereafter amended or modified *except as otherwise provided by this Charter,* or by ordinance hereafter enacted." (Emphasis added.)

It is to be noted that upon the declaration of invalidity of the three-year durational residency requirement, the foregoing provision of the Aspen Home Rule Charter would have the effect of making operative the Colorado Municipal Election Code as to required residency.

The statutory durational residency requirement for municipal candidates is set forth in the Colorado Municipal Election Code, 1965 Perm. Supp., C.R.S. 1963, 49-25-20, as amended by the Session Laws of 1972, Chapter 56, Section 39 at 313, and provides as follows:

*"Electors eligible to hold municipal office.* Every qualified elector eighteen years of age or older on the date of the election may be a candidate and hold office in any municipality unless another age is required by local charter or ordinance, provided he has resided in the municipality or municipality and ward, as the case may be, from which he is to be elected *for a period of at least twelve consecutive months immediately preceding the date of the election . . .*'." (Emphasis added.)

In the trial court, the plaintiffs filed a complaint for declaratory judgment and for relief in the nature of mandamus. On the basis of stipulated facts, the trial court on April 24, 1973 entered its judgment declaring the three-year durational residency requirement invalid and ordering the City Clerk of Aspen to certify the candidacy of the plaintiffs and cause their names to be placed on the official ballot of the City of Aspen for the General Election of May 8, 1973. The City sought and we have agreed to afford an immediate review and final adjudication in connection with the trial

court's judgment under 1965 Perm. Supp., C.R.S. 1963, 49-25-135, a provision of the Municipal Election Code.

I.

■ Recently, in *Bird v. Colorado Springs,* 181 Colo. 141, 507 P.2d 1099 (1973), we held that a five-year durational residency requirement for mayor or councilman candidates is unconstitutional. In support of this holding, we cited *McKinney v. Kaminsky,* 340 F. Supp. 289 (M.D. Ala. 1972) and *Zeilenga v. Nelson,* 4 Cal. 3d 716, 484 P.2d 578, 94 Cal. Rptr. 602 (1971). In both of these cited cases, a five-year durational residency requirement to be a candidate for public office was held to be unreasonably discriminatory and therefore in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Also, both of these cited cases follow the rule that to be valid, a durational residency requirement must be necessary in order to promote a compelling governmental interest, and that such a showing must be made by the governmental unit seeking to uphold the requirement. *Bird v. Colorado Springs, supra,* did, in effect, therefore adopt the rule of the cases it cited and we herein specifically hold that this is a valid and proper principle of law for application when a durational residency requirement for candidates is challenged. In *Camara v. Mellon,* 4 Cal. 3d 714, 484 P.2d 577, 94 Cal. Rptr. 601 (1971), a three-year durational residency requirement to be a member of the City Council of Santa Cruz, California was held to be unconstitutional for the same reasons as expressed in *Zeilenga v. Nelson, supra.*

■ There must be a present and compelling governmental interest to justify a durational residency requirement because the right to hold public office, by either appointment or election, is one of the valuable and fundamental rights of citizenship. This right may not be infringed upon by invidious discriminatory disqualifications. Any prescribed qualification for the holding of a public office must have a reasonable relation to the object sought to be accomplished by the imposition of the qualification. *See Landes v. Town of North Hempstead,* 20 N.Y. 2d 417, 284 N.Y.S. 2d 441, 231 N.E.2d 120 (1967):

Here, the trial court could not detect any compelling governmental interest in the three-year residency requirement, and it also found that the City failed to show any such compelling governmental interest. It is argued on behalf of the City that the three-year residency requirement is of importance in assuring a mayor and council of high quality and it will insure that mayor and councilman candidates will be well acquainted with the issues and problems of the City of Aspen and with the mechanics for resolving these problems. It was also stated on behalf of the City that this requirement would tend to prevent frivolous candidacies by persons who have little interest in the conditions and needs of the City of Aspen. Longevity of residence is said to generally insure that an individual would have greater contact with other members of the community and would therefore, presumably, be in a better position to administer the needs of the community as a public officer.

In our view, the foregoing arguments to justify a compelling governmental interest fall far short of a clear and precise showing by the City that three years of residency as opposed to one-year of residence will tend to enable a candidate for mayor or councilman in Aspen to be a more qualified candidate. As stated in *Zeilenga v. Nelson, supra,* it is often difficult to draw the line between basic needs of the office which may be determined for the voters by candidacy requirements, and the individual fitness of a candidate which must be left to the choice of the voter if voting is to mean anything. The compelling governmental interest test requires that the reason for making a decision for the voters as to who shall be qualified to run for public office must be real, clear and compelling. In other words, the three-year residency requirement involved in this case, after close scrutiny, cannot be found to be reasonably necessary to the accomplishment of a legitimate municipal objective and therefore, it does not pass constitutional muster. *See Bullock v. Carter,* 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972).

A durational residency requirement of two years for city council was invalidated in *Green v. McKeon,* 468 F.2d 883,

(6th Cir. 1972) and in *Mogk v. Detroit,* 335 F. Supp. 698 (D.C. Mich. 1971), a three-year residency requirement for charter revision commission was declared invalid.

For the reasons set forth heretofore, we hold that the three-year durational residency requirement for candidates for the office of mayor and councilman of Aspen as set forth in Article III, Section 3.5 of Aspen's Home Rule Charter is unconstitutional as a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

II.

Because of Colorado's Municipal Election Code which specifically provides for a one-year durational residency requirement for municipal candidates (1965 Perm. Supp., C.R.S. 1963, 49-25-20, as amended by the Session Laws of 1972, Chapter 56, Section 39 at 313), it is our view, that any municipality would be hard put to justify any residency requirement in excess of one year. With respect to this legislative enactment, we hold that, in the absence of clear and convincing evidence to the contrary, this expression of state policy sufficiently complies with the compelling governmental interest test.

Judgment affirmed.

MR. JUSTICE DAY does not participate.