[No. 43116.    En Banc.    July 25, 1974.]

WILLIAM B. LAWRENCE, *Appellant,* v. THE CITY OF ISSAQUAH
*et al., Respondents.*

*Nathan R. Thomas,* for appellant.

*John A. Hackett, Wayne C. Vavrichek, Slade Gorton, Attorney General,* and *Wayne L. Williams, Assistant,* for respondents.

HUNTER, J.—This case involves a suit brought by the plaintiff (appellant), William B. Lawrence, to compel the defendants (respondents), the City of Issaquah and its Mayor and City Council, to seat him as a councilman after having been elected to that office by the people of that city. The trial court denied the relief requested by the plaintiff on the grounds that the plaintiff was ineligible to hold public office since he had not met the durational residency requirement of 1 year specified in RCW 35A.12.030. This appeal deals with the issue of the constitutionality of RCW 35A.12.030, which imposes requirements for eligibility to hold public office in noncharter code cities.

The facts of this case are as follows. On August 10, 1956, the plaintiff became a registered voter in King County, State of Washington. Since August 1, 1973, the plaintiff has been a resident of the city of Issaquah and has been a registered voter in that city since August 2, 1973. The defendant, City of Issaquah, is a "noncharter code city" gov-

erned by the provisions of RCW Title 35A (Optional Municipal Code) and has been officially classified as such since February 21, 1973.

In August 1973, the plaintiff filed a "declaration and affidavit of candidacy" for the office of city councilman of the City of Issaquah, Position No. 4. At the elections held on November 6, 1973, the plaintiff was elected to that office, and the King County director of records and elections thereafter issued a "Certificate of Election" certifying that the plaintiff was elected to the position of city councilman for a 4-year term. Under the provisions of RCW 35A.12.040, the city council of a noncharterd code city "shall be the judge of the qualifications of its members and determine contested elections of city officers." Pursuant to that statute, the City Council of the City of Issaquah, on December 3, 1973, resolved by oral motion, passed by a vote of 4 to 3, that the plaintiff did not comply with the durational residency or registered voter requirements set forth in RCW 35A.12.030, and that the plaintiff was therefore ineligible to hold office as a city councilman.

The plaintiff, in response to the actions by the City Council, brought suit against the defendants to enjoin the filling of the vacancy created by the refusal to seat the plaintiff as an elected official. In seeking declaratory and injunctive relief, the plaintiff alleged, among other things, that RCW 35A.12.030 was unconstitutional and therefore the City should be ordered to seat the plaintiff as a councilman in the position to which he was elected. On December 20, 1973, an agreed "order of restraint" was obtained from Court Commissioner Donald B. Niles temporarily restraining the City Council from filling the vacancy in position No. 4 until the matter had been finally determined.

At the trial, held in the Superior Court for King County, the court heard testimony and the arguments of counsel, and rendered an oral decision upholding the constitutionality of the durational residency requirement in RCW 35A.12.030. In its conclusion of law entered on January 25, 1974, the trial court held that the durational residency re-

quirement of 1 year did not violate any provision in the constitution since the requirement promoted a "compelling state interest" in ensuring that a member of the city council is exposed to the problems, needs and desires of the people and that the people have a chance to observe him first-hand and gain knowledge about his habits and character. In rendering its decision, however, the court did not reach the question as to whether the 1-year voter registration requirement in RCW 35A.12.030 was unconstitutional since that clause, in the court's opinion, was a "severable" portion of the statute and therefore did not affect the validity of the 1-year durational residency requirement. The court accordingly ruled that the plaintiff was ineligible to hold the office of city councilman of the City of Issaquah and ordered that the vacated position No. 4 be filled pursuant to state law. The plaintiff thereafter filed an appeal with this court.

The 1-year residential requirement is contained in RCW 35A.12.030, which provides in part:

> No person shall be eligible to hold elective office under the mayor-council plan unless he shall have been a registered voter and resident of the city for a period of at least one year next preceding his election.

The plaintiff's primary contention is that the 1-year durational residency requirement is a denial of equal protection in that it denies the right of Issaquah residents of less than 1-year duration to hold office in that city, while it affords the right to others to hold office in the City of Issaquah who have been a resident for 1 year or more.

In *Sorenson v. Bellingham*, 80 Wn.2d 547, 496 P.2d 512 (1972), we held that a restriction placed upon a qualification for state office was unconstitutional and in violation of the equal protection clause of U.S. Const. amend. 14, § 1, unless there was a compelling state interest, citing *Dunn v. Blumstein*, 405 U.S. 330, 31 L. Ed. 2d 274, 92 S. Ct. 995 (1972). The controlling test then in this case is whether the 1-year residential restriction can be justified by some "compelling state interest."

We need look no further than the recent case of *Chimento v. Stark*, 353 F. Supp. 1211 (D.N.H. 1973), which was affirmed without opinion by the United States Supreme Court, 414 U.S. 802, 38 L. Ed. 2d 39, 94 S. Ct. 125 (1973). In that case the constitutional requirement of the State of New Hampshire requiring a 7-year residence for the office of Governor was challenged on federal constitutional grounds. The United States District Court, D. New Hampshire, there stated on page 1217:

> We conclude that the residency requirement of the New Hampshire Constitution does promote legitimate state interests. It ensures that the chief executive officer of New Hampshire is exposed to the problems, needs, and desires of the people whom he is to govern, and it also gives the people of New Hampshire a chance to observe him and gain firsthand knowledge about his habits and character. While the length of the residency requirement may approach the constitutional limit, it is not unreasonable in relation to its objective. It does not seriously impair the participation of the plaintiff in the election process and has only a negligible impact on the voters' right to have a meaningful choice of candidates for Governor. If the residency requirement for Governor is to be eliminated, it should be accomplished by the *voters* through the constitutional amending process. We hold, therefore, that Part Second, Article 42, of the New Hampshire Constitution is not violative of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

We recognize from this holding that a residential requirement must be reasonable and that the same residential requirement for the office of city councilman of Issaquah as for the office of Governor in New Hampshire would be unreasonable and would exceed constitutional limitations. We are satisfied, however, that the residential requirement of 1 year for the office of city councilman, as in the instant case, is not an unreasonable limitation to fulfill the compelling state interest of affording the candidate for that office the opportunity to be exposed to the needs and problems of the people of Issaquah, and at the same time to afford the

people of Issaquah the opportunity to observe the candidate for city council and gain firsthand knowledge about his or her habits and character.

■ It is further contended by the plaintiff that the durational residency requirement violates his First Amendment rights of political association and freedom of expression. Again *Chimento v. Stark, supra,* resolves this contention. The United States District Court, D. New Hampshire, stated on page 1217:

> We consider and reject plaintiff's contention that the seven year residency requirement abridges rights guaranteed to him and others similarly situated under the First Amendment. This restriction does not deprive anyone of his right to association or of the freedom of expression of his political views. While theoretically there may be a class of persons who are prevented from running for the office of Governor of New Hampshire because they have not lived here for seven years, this right is not of the type that comes within the expansive mantle of protection of the First Amendment. The "right of qualified voters . . . to cast their votes effectively" referred to in Williams v. Rhodes, *supra,* [393 U.S. 23, 21 L. Ed. 2d 24, 89 S. Ct. 5 (1968)] remains inviolate. While an isolated few may be *temporarily* precluded from seeking the office of Governor, this cannot be said to adversely affect the democratic election process or the voters' participation therein.

The plaintiff contends that the durational residency requirement impinges upon the exercise of his basic constitutional right to travel. The court in *Chimento* also answers this contention on page 1218:

> It is well settled that the right to travel is a fundamental right as it relates to the right to vote. Dunn v. Blumstein, *supra.* However, because of the nature of the residency requirement, the relationship between it and the right to travel is indirect and remote. We agree with Judge Doyle, concurring in Draper v. Phelps, 351 F.Supp. 677 (W.D. Okl. 1972):
>
> > . . . the right to public office can[not] be equated to the right to vote in relationship to the right to travel. Candidacy for public office is quite different from vot-

ing, and one does not travel from one place to another contemplating that he will offer himself to the voters for election to state office.

We, therefore, hold that the 1-year durational residency requirement in RCW 35A.12.030 does not violate the plaintiff's First Amendment rights or his basic constitutional right to travel.

The plaintiff also argues that the 1-year durational residency requirement deprives him of life, liberty and property without due process of law. We find this argument to be without merit under the facts of this case.

The plaintiff further argues that in any event he cannot be disqualified from holding the office of city councilman since the 1-year voter registration requirement in RCW 35A.12.030 is unconstitutional, and that the durational residency requirement is not severable from the voter registration requirement. We disagree. RCW 35A.90.020 provides as follows:

> If any provision, section, or chapter of this title or its application to any person or circumstance is held invalid, the remainder of the provision, section, chapter, or title, or the application thereof to other persons or circumstances is not affected.

In light of this severability clause and its application to RCW Title 35A, it appears clear that the durational residency requirement in RCW 35A.12.030 is "severable" from the 1-year voter registration requirement in the statute. We need not consider the constitutionality of the 1-year voter registration requirement since the plaintiff is ineligible to hold the city council position in the City of Issaquah by reason of his failure to fulfill the durational residency requirement of RCW 35A.12.030.

The order of the trial court is affirmed.

HALE, C.J., and FINLEY, ROSELLINI, HAMILTON, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

HALE, C.J., (concurring)—I have signed the majority opinion and concur in it except for the following minor

qualification: The true constitutional test of the residency requirement, as I see it, is not that of a *compelling* state interest, but rather one of a *legitimate* state or public interest. If there is a legitimate public or state interest in imposing a condition, limitation, restriction or qualification upon the exercise of a right or privilege, then the police power should be sustained unless its exercise categorically contravenes the constitutions.

WRIGHT, J., concurs with HALE, C.J.