SAMUEL J. CAHNMANN, Plaintiff-Appellant, *v.* DUANE ECKERTY, City Clerk of the City of Urbana, Defendant-Appellee.

Fourth District   No. 13060

Opinion filed July 22, 1976.

Arnee J. Eisenberg, of Ansel, Eisenberg & Marsh, of Champaign, and Howard Eglet and Roger Baldwin, both of Foundation of ACLU, Inc., of Chicago, for appellant.

Jack Waaler, City Attorney, of Champaign, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

The facts of this case are simply stated. Plaintiff Cahnmann resided in Urbana from September 1971, until March 1973. After a year of study overseas, he moved to Champaign in August 1973. In August of 1974, he

moved back to Urbana. In December he filed nomination papers to run as alderman but a Municipal Officers Electoral Board declared him ineligible because he did not meet the one-year residency requirement of section 3—14—1 of the Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 3—14—1). The circuit court affirmed. Plaintiff argues that the residency requirement violates the Equal Protection Clause of the United States Constitution and article I of the Illinois Constitution.

Because the plaintiff alleges that the State has violated the Equal Protection Clause, this court must determine the appropriate standard of review. *Dunn v. Blumstein* (1972), 405 U.S. 330, 31 L. Ed. 2d 274, 92 S. Ct. 995. In this case, however, the parties have agreed that the "compelling State interest" test applies and we will proceed accordingly although we reserve judgment on whether a less stringent standard might apply. However, the compelling State interest test, even when applied, need not always be applied in "all its rigor". *Sununu v. Stark* (D.N.H. 1974), 383 F. Supp. 1287 (D.N.H. *aff'd mem.* (1975), 420 U.S. 958, 43 L. Ed. 2d 435, 95 S. Ct. 1346, citing *Chimento v. Stark* (D.N.H. 1973), 353 F. Supp. 1211, 1218 (Campbell, J., concurring).

Like the court in *Sununu*, we are unable to state that the durational residency requirement is not constitutionally tailored to the State's legitimate objectives. (383 F. Supp. 1287, 1291.) We look to two factors; the individual interest affected here and the governmental interests asserted.

■■ On the one hand, plaintiff here asserts that three individual rights are affected; the right to travel, the right of the electors to vote, and the right to candidacy. The former two rights are fundamental (*Reynolds v. Sims* (1964), 377 U.S. 533, 12 L. Ed. 2d 506, 84 S. Ct. 1362; *United States v. Guest* (1966), 383 U.S. 745, 16 L. Ed. 2d 239, 86 S. Ct. 1170), but they are only indirectly affected. The right to candidacy is not a fundamental right. (*Bullock v. Carter* (1972), 405 U.S. 134, 31 L. Ed. 2d 92, 92 S. Ct. 849.) These rights are not greatly burdened by a one-year residency requirement.

■■ On the other hand, the City of Urbana argues that the statute is essential to the State's interest in affording the voters the opportunity to evaluate prospective candidates, its interest in promoting political stability by increasing the cost of political carpetbagging, and the State's interest in affording the voters the opportunity to select representatives for candidates who possess at least a minimal level of familiarity with the issues that affect their constituencies. We conclude that these interests are sufficiently compelling to justify the individual burdens the statute imposes.

We note that a three judge Federal panel reached this same conclusion concerning the statute at issue in *Sprieser v. Municipal Electoral Board of*

*DeKalb*, U.S. Dist. Co., Northern Dist. Ill., Eastern Div., No. 73-C-457, dated April 3, 1973. The courts of Washington and Arizona have also upheld one-year residency requirements for candidates for city offices. *Lawrence v. City of Issaquah* (1974), 84 Wash. 146, 524 P. 2d 1347; *Triano v. Massion* (1973), 109 Ariz. 506, 513 P.2d 935.

Affirmed.

TRAPP, P. J., and CRAVEN, J., concur.