[No. 5781–1.  Division One.  August 31, 1977.]

LEE KRAFT, *Appellant*, v. JOHN HARRIS,
*Defendant*, E. L. KIDD, ET AL,
*Respondents.*

*Hillis, Phillips, Cairncross, Clark & Martin, P.S.,* and *Peter L. Buck,* for appellant.

*Davis, Wright, Todd, Riese & Jones* and *Payton Smith,* for respondents.

JAMES, J.—Plaintiff, Lee Kraft, brought this action for a declaratory judgment pursuant to RCW 7.24. She alternatively asked the trial court to declare either that she has practiced law in the City of Seattle for 4 years next prior to the scheduled 1977 election for the office of City of Seattle corporation counsel or that article 13, section 2 of the City of Seattle Charter is unconstitutional and void.

The trial court rejected both prayers for relief. On appeal, Kraft asserts only the constitutional challenge. We deliberated immediately following oral argument and announced from the bench our decision to affirm.

At issue is Kraft's eligibility to be a candidate for the office of Seattle corporation counsel. Although we find the eligibility "qualifications" of Seattle's charter to be somewhat unique, the fundamental question presented is not novel. Article 13, section 2 provides as follows:

> QUALIFICATIONS: The corporation counsel shall be an attorney of the supreme court of the state, and have been in the practice of his profession in the City of Seattle for at least four years next prior to his election.

Kraft's constitutional attack upon the charter is grounded on the equal protection clause of the fourteenth amendment to the United States Constitution. Kraft and the City agree that when a court is faced with such an equal protection challenge, it must first determine the appropriate standard for review. Both also agree that courts have

generally used either a "rational basis" test or a "compelling interest" test. The rationale for the emergence of two standards of judicial review is summarized in *Wellford v. Battaglia,* 343 F. Supp. 143, 145 (D. Del. 1972), *aff'd,* 485 F.2d 1151 (3d Cir. 1973):

> The so–called "traditional" or "rational connection" test requires the court to ask only "whether the challenged classification rests on grounds wholly irrelevant to the achievement of a valid state objective." Turner v. Fouche, 396 U.S. 346, 362, 90 S.Ct. 532, 541, 24 L.Ed.2d 567 (1970). The challenged state law is entitled to a presumption of validity and must be allowed to stand unless the one mounting the attack convinces the court either that the law has no permissible objective or, given a valid objective, that there is no "rational basis" for the means selected. Bullock v. Carter, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972).
>
> Some state legislation cannot be sustained, however, unless it "withstand[s] a more rigid standard of review." Bullock v. Carter, *supra,* 405 U.S. at 142, 92 S.Ct. at 855. The choice of standard depends upon "the interest affected or the classification involved." Dunn v. Blumstein, *supra,* 405 U.S. at 335, 92 S.Ct. at 999. In general, if the challenged law directly affects a "fundamental" or "basic" right or draws lines which result in a "suspect classification," the burden is upon the proponents of the law to make a "clear showing that the burden imposed is necessary to protect a compelling and substantial governmental interest." Dunn v. Blumstein, *supra,* 405 U.S. at 341, 92 S.Ct. at 1002. "Necessary," in this context, is interpreted to mean that there is no other alternative available to protect the governmental interest involved which will involve a lesser burden on the right restricted. This, in turn, means that under the more rigid "compelling interest" standard, a challenged law must be precisely tailored to the objective. Even if the classification drawn may have some tendency to promote a permissible interest, the law cannot stand if it "exclude[s] too many people who should not, and need not, be excluded." Dunn v. Blumstein, supra, 405 U.S. at 360, 92 S.Ct. at 1012.

(Footnote omitted.)

Both Kraft and the City point out that the Washington Supreme Court has not always clearly and consistently differentiated between these two standards of review. And both recognize that our ruling in this case must be reconciled with the recent opinions of the Supreme Court in *Sorenson v. Bellingham,* 80 Wn.2d 547, 496 P.2d 512 (1972), *Swanson v. Kramer,* 82 Wn.2d 511, 512 P.2d 721 (1973), and *Lawrence v. Issaquah,* 84 Wn.2d 146, 524 P.2d 1347 (1974).

In *Sorenson,* the court declared unconstitutional a city ordinance conditioning qualification for public office on property ownership, stating categorically that "[t]he right to run for elective office is a fundamental right which should be restricted only by a compelling state interest." *Sorenson v. Bellingham, supra* at 552. But in *Swanson,* without reference to *Sorenson,* the court rejected a constitutional challenge to statutes which required the payment of filing fees by candidates for public office and, in doing so, refused to apply the "compelling state interest" test. The court instead utilized a "legitimate state interest" test.

■ In *Issaquah,* it is held that the 1–year residency requirement of RCW 35A.12.030 for elective city officers does not deny equal protection. In *Issaquah,* the court seems to have reinstated the "compelling interest" test. But a careful reading of the opinion reveals that, as pointed out by Justice Hale in his concurring opinion, the court has, in fact, adhered to its "true constitutional test . . . of a *legitimate* state or public interest." *Lawrence v. Issaquah, supra* at 153.

In applying its "legitimate state interest" test, the Washington Supreme Court has adopted the standards of review applicable to the "rational basis" test. The presumption of validity is honored and the burden is placed upon the challenger to establish that "the law has no permissible objective or, given a valid objective, that there is no 'rational basis' for the means selected." *Wellford v. Battaglia, supra* at 145.

■  While the Seattle charter's eligibility "qualifica-tions" for corporation counsel candidacy are not technically a "residency" requirement, they do involve the same con-siderations which persuaded the court in *Issaquah*.

We are satisfied, however, that the residential require-ment of 1 year for the office of city councilman, as in the instant case, is not an unreasonable limitation to fulfill the compelling state interest of affording the candidate for that office the opportunity to be exposed to the needs and problems of the people of Issaquah, and at the same time to afford the people of Issaquah the opportunity to observe the candidate for city council and gain firsthand knowledge about his or her habits and character.

*Lawrence v. Issaquah, supra* at 150–51. We are satisfied that the requirement that a corporation counsel candidate have been in the practice of law in the City of Seattle for at least 4 years is a reasonable requirement for affording the candidate an opportunity to be exposed to Seattle's legal needs and problems and at the same time to afford the people of Seattle the opportunity to observe the candidate and gain firsthand knowledge about his or her habits, char-acter and legal ability.

Affirmed.

SWANSON, J., concurs.

SWANSON, J. (concurring)—I concur in the opinion of Judge James. I would like to speak briefly to the arguments propounded in the dissent, however, due to the interest the lay public, as well as the legal community, will have in this decision.

The majority opinion properly defines the "rational basis" standard of review as that employed in practice by the Washington Supreme Court when assessing require-ments for public office candidacy. Such a test leaves no room for the judiciary to substitute its judgment regarding the *reasonableness* of the contested requirement for that of the enacting legislature, or in this case, the voting public. Rather, a court is limited to searching for *any rational*

*basis* by which the requirement may be justified. As the Supreme Court notes in *McGowan v. Maryland,* 366 U.S. 420, 426, 6 L. Ed. 2d 393, 81 S. Ct. 1101 (1961), "A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *See also Dandridge v. Williams,* 397 U.S. 471, 487, 25 L. Ed. 2d 491, 90 S. Ct. 1153 (1970) (wherein the court asserts, "It is enough that the State's action be rationally based and free from invidious discrimination."). Thus, in the instant situation, whether a 4-year residency requirement in fact assures a more qualified corporation counsel is immaterial, as it is not irrational to believe that it may. It remains the task of the voting public, and not the judiciary, to determine that its prior judgment is no longer reasonable or effecting its designed purpose. *See Ferguson v. Skrupa,* 372 U.S. 726, 731, 10 L. Ed. 2d 93, 83 S. Ct. 1028, 95 A.L.R.2d 1347 (1963); *Williamson v. Lee Optical of Oklahoma, Inc.,* 348 U.S. 483, 488, 99 L. Ed. 563, 75 S. Ct. 461 (1955).

That Ms. Kraft may be experienced in the municipal law field does not alter the test to be applied, although it may well be evidence of a need for the public to reconsider its reasoning in approving the requirement. A "rational basis" assessment is to be made abstractly, not in view of a particular fact pattern.

Finally, I must point out that my distinguished colleague, when listing candidacy requirements for other law-oriented positions, overlooked that our positions on this bench are predicated upon admission to the bar of this state at least 5 years prior to taking office, and a year's residency within the district for which the respective position was created. RCW 2.06.050.

WILLIAMS, J. (dissenting)—I dissent because the 4-year Seattle practice of law charter requirement for candidacy to the office of corporation counsel is not a rational basis for qualification and does not in any way relate to a state interest, compelling or legitimate.

The judgment of the trial court was as follows:

1. Plaintiff Lee Kraft is ineligible under Article XIII, Section 2 of the Seattle City Charter since she has not been in the practice of her profession in the City of Seattle for four years prior to the 1977 election.

2. The provision is a professional qualification requirement and is valid and constitutional since the City has a legitimate interest in establishing professional qualifications for the office.

Guiding rules are:

In approaching candidate restrictions, it is essential to examine in a realistic light the extent and nature of their impact on voters.

. . .

. . . [W]e conclude, . . . that the laws must be "closely scrutinized" and found reasonably necessary to the accomplishment of legitimate state objectives in order to pass constitutional muster.

*Bullock v. Carter,* 405 U.S. 134, 31 L. Ed. 2d 92, 92 S. Ct. 849 (1972) at 143–44.

Those cases dealing with restrictions on qualifications for office are of equal importance to those restricting the right to vote. A fundamental principle in our democracy is "the people should choose whom they please to govern them'" and "this principle is undermined as much by limiting whom the people can select as by limiting the franchise itself." *Powell v. McCormack,* 395 U.S. 486, 547, 23 L. Ed. 2d 491, 89 S. Ct. 1944 (1969). The right to run for elective office is a fundamental right which should be restricted only by a compelling state interest. *Williams v. Rhodes,* 393 U.S. 23, 21 L. Ed. 2d 24, 89 S. Ct. 5 (1968).

*Sorenson v. Bellingham,* 80 Wn.2d 547, 552, 496 P.2d 512 (1972).

The professional qualifications for a Supreme Court justice and the Attorney General of the State of Washington are:

No person shall be eligible to the office of judge of the supreme court, or judge of a superior court, unless he

shall have been admitted to practice in the courts of record of this state, or of the Territory of Washington.

Const. art. 4, § 17.

No person shall be eligible to be attorney general unless he is a qualified practitioner of the supreme court of this state.

RCW 43.10.010.

Admission by the Supreme Court to practice law in all courts of this state establishes the professional qualifications of Kraft to hold office. Experience is important, but if the public is looking for that in the area of municipal corporation law, the charter adds nothing because no particular type of law practice is specified. The experienced probate lawyer practicing in Seattle is not exposed to "Seattle's legal needs and problems" and during his practice is not able to "afford the people of Seattle the opportunity to observe the candidate and gain firsthand knowledge about his or her habits, character and legal ability."

The facts of this case present a good example of the unreasonableness of the 4–year rule. Kraft, a member of the state bar and experienced in the municipal law field, is ineligible to run for corporation counsel and the voters of Seattle are denied the opportunity to consider her as a candidate.

It is apparent that the 1896 charter provision (article 15, section 2) requiring that

The corporation counsel shall . . . have been in the practice of his profession in the City of Seattle for at least four years next prior to his election.

was enacted for the purpose of inhibiting competition. I regret that the provision was inadvertently included in the 1946 charter and is still serving that purpose.

Reconsideration denied September 23, 1977.

Review by Supreme Court pending July 7, 1978.