Ken **CASTNER**, Appellant,

v.

**CITY OF HOMER** and Delores Morrison, Clerk of City of Homer, Appellees.

No. 3798.

Supreme Court of Alaska.

Aug. 24, 1979.

---

Martin Friedman, Homer, for appellant.

A. Robert Hahn, Jr., Hahn, Jewell & Stanfill, Anchorage, for appellees.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

CONNOR, Justice.

This case concerns a challenge to the constitutionality of Homer City Code Section 3–200.2, which imposes a one year[1] durational residency requirement for candidacy for city office.

Appellant Kenneth Castner is a citizen of the United States, a resident of Alaska, and was a resident of the Homer Recording District for four years prior to becoming a resident of the City of Homer. Castner became a resident of Homer on July 25, 1977, and approximately one month thereafter attempted to file a declaration of candidacy for the office of city councilman, for the election to be held October 4, 1977.

Castner had deleted from his declaration of candidacy that portion which would have stated that he met the residency requirements imposed by the Homer City Code. Deputy Clerk Delores Morrison refused to accept his declaration of candidacy because of this deletion. On August 30, Castner again attempted to file a declaration of candidacy but was refused by Deputy Clerk Morrison because of Castner's inability to comply with that portion of Homer City Code Section 3–200.2 requiring a one-year period of residency within the city.

On August 31, 1977, Castner filed suit in superior court seeking that Homer City Code § 3–200.2 be declared unconstitutional, and that his name be placed on the official ballot. The superior court upheld the constitutionality of the ordinance and denied Castner's claim for relief. Castner appeals from the decision of the superior court.

There are but two issues before us on appeal:

1. The version of Homer City Code § 3–200.2 in effect at the time of Castner's attempted candidacy provided:

    *ELIGIBILITY FOR OFFICE.* A person is eligible for the office of Councilman or the office of Mayor for the City of Homer if he is a voter of the City of Homer as prescribed by Section 4–100.7 of the City Code and has been a resident of the Homer Recording District for a period of three years including a residency within the City of Homer for a period of one year immediately preceding the election day on which he is a candidate. The question of durational residency requirements for municipal office was submitted to the voters in the October 4, 1977 city election. In accordance with the result of that vote, § 3–200.2 has been amended to read as follows:
    Section 3–200.2 *ELIGIBILITY FOR OFFICE.* A person is eligible for the office of Councilman or the office of Mayor for the City of Homer if he is a voter of the City of Homer as prescribed by § 4–100.7 of the City Code and has been a resident within the City of Homer for a period of one year immediately preceding the election day on which he is a candidate.
    Therefore, we need to consider only the constitutionality of *one year* durational residency as applied to the new ordinance.

1. Whether the compelling interest test is the appropriate standard of review for qualifications of candidates for local public office;  and,

2. Whether there is a compelling interest to support the City of Homer's one year residency requirement for city offices, and whether this requirement is the least restrictive means available to achieve that compelling interest.

■ Appellee, the City of Homer, questions the continuing validity of the rationale for application of the compelling state interest advanced by us in *Gilbert v. State*, 526 P.2d 1131 (Alaska 1974), in light of the single standard test announced in *State v. Erickson*, 574 P.2d 1 (Alaska 1978). We need not deal with that question here because we are convinced that even under the strict scrutiny required by *Gilbert*, the ordinance can be sustained. In *Gilbert*, we held that durational residency requirements for state elective office should be examined with strict scrutiny, *Id.* at 1134, because such durational residency requirements infringed upon fundamental rights:

> "[S]ince barriers against candidacy have been treated as limitations upon a fundamental right where they burden such important rights as free association, franchise, and interstate travel, they are vulnerable to attack under the equal protection clause of the Federal Constitution. Where a challenged statute burdens a fundamental or basic right, it can be sustained only upon a showing that it pro-

motes a compelling governmental interest." [footnotes omitted.] 526 P.2d at 1132–33.

For the purposes of this appeal we may assume, without deciding, that the right to seek elective public office should be treated as fundamental and subject to strict scrutiny.

In *Gilbert v. State*, 526 P.2d 1131 (Alaska 1974), we upheld a durational residency requirement of one year in the district, and three years in the state of Alaska, for the office of state senator. We reasoned that the state had a compelling interest in legislators "who . . . are acquainted with the conditions, problems, and needs of those who are governed," and in electors who are "familiar with the character, habits and reputation of candidates for political office." *Id.* at 1135. These interests are perhaps more compelling in elections for local office, where word of mouth and personal contact are often the only means of communication of community concerns.

There is sufficient authority from other jurisdictions either to uphold or to strike down the one year durational residency requirement in the case at bar. In general, the weight of authority is against longer durational residency requirements for local offices,[2] but the authorities are fairly evenly divided on the constitutionality of a one year residency requirement.[3] The courts validating a one year durational residency requirement have found compelling the in-

---

**2.** Durational residency requirements of five years for local offices were held invalid in: *Alexander v. Kammer*, 363 F.Supp. 324 (E.D. Mich.1973) (five year city residency and two year district residency for city commissioner); *Wellford v. Battaglia*, 343 F.Supp. 143 (D.Del. 1972) (mayor); *McKinney v. Kaminsky*, 340 F.Supp. 289 (M.D.Ala.1972) (county commissioner); *Zeilenga v. Nelson*, 4 Cal.3d 716, 94 Cal.Rptr. 602, 484 P.2d 578 (1971) (county supervisor); *Bird v. Colorado Springs*, 507 P.2d 1099 (Colo.1973) (city councilman and mayor).

Durational residency requirements of three years for municipal offices were held invalid in *Bolanowski v. Raich*, 330 F.Supp. 724 (E.D. Mich.1971) (mayor); *Camara v. Mellon*, 4 Cal.3d 714, 94 Cal.Rptr. 601, 484 P.2d 577 (1971) (city councilman); *Cowan v. City of*

*Aspen*, 509 P.2d 1269 (Colo.1973) (municipal offices).

Durational residency requirements of two years for municipal offices were held invalid in *Green v. McKeon*, 468 F.2d 883 (6th Cir. 1972) (city elective offices) and *Thompson v. Mellon*, 9 Cal.3d 96, 107 Cal.Rptr. 20, 507 P.2d 628 (1973) (city councilman).

**3.** Durational residency requirements of one year were held constitutional in *Triano v. Massion, II*, 109 Ariz. 506, 513 P.2d 935 (Ariz.1973) (city councilman); *Cowan v. City of Aspen*, 509 P.2d 1269 (Colo.1973) (municipal offices); *Cahnmann v. Eckerty*, 40 Ill.App.3d 180, 351 N.E.2d 580 (1976), *appeal denied*, 431 U.S. 934, 97 S.Ct. 2644, 53 L.Ed.2d 252 (1977) (city alderman); *Lawrence v. Issaquah*, 84 Wash.2d 146, 524 P.2d 1347 (1974) (city councilman).

terests of affording greater voter knowledge of candidates and greater candidate knowledge of the needs of the constituency, as we did in *Gilbert v. State, supra.*

The two cases striking down a one year residency requirement are distinguishable. In *Headlee v. Franklin Co. Board of Elections,* 368 F.Supp. 999 (D.C.Ohio 1973), the court found that, because of a territorial annexation, over one-half of the village population would be unable to run until the next election if the one year residency requirement for village office was upheld, and that this was an unnecessary restriction on voter choice. There is no such factual situation in the case at bar.[4] The California Supreme Court has rejected our rationale in *Gilbert.* In *Johnson v. Hamilton,* 15 Cal.3d 461, 125 Cal.Rptr. 129, 541 P.2d 881 (1975), the court held that no compelling state interest was served by residency requirements of one year within the city and six months within the district for candidates for municipal office. The court in *Johnson* found that mass media played the major role in the education of voters. Personal contact and knowledge of the candidate by the electorate was a minor aspect. *Id.* at 886. We rejected this argument in *Gilbert,* 526 P.2d at 1135, in the context of a district of Anchorage where media access is at least as great, and perhaps greater, than in Homer. We think the California standard is inapplicable in Alaska, where there are many sparsely populated communities.

Numerous Alaskan municipalities have one year durational residency requirements for local office. For example, Juneau,[5] Anchorage,[6] Sitka,[7] Valdez,[8] and Fairbanks North Star Borough[9] all have one year residency requirements for city council. Palmer[10] has a two year residency requirement for city council, and Ketchikan[11] and Bristol Bay Borough[12] have three year residency requirements. North Slope Borough[13] has a six month residency requirement, and Unalaska[14] has a thirty day residency period. There does not appear to be any sort of a local trend toward reducing durational residency requirements for local offices.

■ As to whether the one year residency requirement is the least restrictive means available to achieve the interests of voter and candidate education, we adhere to *Gilbert*:

We see no viable alternative means of advancing these important interests alleged by the state. [Gilbert] suggests that these interests may be met by imposing some sort of subjective test upon potential legislators. We disagree. To create a subjective test of candidates' knowledge, understanding or character would necessarily place undue power in the hands of those who would implement such a standard. We think it better that a relative few be delayed from realizing their political aspirations for a relatively brief period than that some group of persons pass upon the fitness of all candidates before they are permitted to present themselves to the voters.

---

**4.** There was testimony during trial that Homer's growth rate is about nineteen percent per year, with 15.2% of the population in 1975 having resided in Homer less than one year and 13.5% having lived there between one and two years. Castner argues that new residents are more capable candidates "in light of their broader experience with generally more complex issues existing in other parts of the country." We are not persuaded that breadth of experience elsewhere contributes to candidate knowledge of local issues and problems.

**5.** Juneau Charter 33 Sec. 3.3.

**6.** Anchorage Municipal Code 28.10.130.

**7.** Sitka General Code 2.40.070.

**8.** Valdez Charter II, Sec. 2.2.

**9.** Fairbanks North Star Borough Municipal Code 2.08.030.

**10.** Palmer Municipal Code 2.04.040.

**11.** Ketchikan Charter II, Sec. 2–1.

**12.** Bristol Bay Borough Code of Ordinances 2.08.020.

**13.** North Slope Borough Charter 3.030.

**14.** Unalaska Code of Ordinances 10.020.

Nor can these interests be protected by relying solely upon the electoral process itself. Voters are, in a sense, "consumers" of the product portrayed by the persons they elect to office. In these days of "packaged" media candidates, they often cannot know what is in the package until they have made their selection and observed the utility of the product. In adopting their constitution, the voters of Alaska chose to protect themselves from unknown deficiencies in their candidates by imposing objective standards upon those who would hold legislative office.

We conclude that while objective tests for candidacy unavoidably place a burden upon the privilege of running for political office, the burden is both temporary and slight and is necessary to promote governmental interests which are compelling.

*Gilbert*, 526 P.2d at 1136.

We affirm the decision of the superior court upholding the constitutionality of the one year durational residency requirement for candidacy for city office in Homer.

Affirmed.