William H. BRILL

v.

Muriel G. CARTER, President Board of Supervisors of Elections, Milton H. Haskins, Member Board of Supervisors of Elections, Charles E. Smelser, Member Board of Supervisors of Elections, Board of Supervisors of Elections of Anne Arundel Co. and Anne Arundel County, Maryland.

Civ. No. B–78–1052.

United States District Court,
D. Maryland.

June 27, 1978.

Thomas M. Downs and Richard Rubin, Annapolis, Md., for plaintiff.

Thomas G. Redman, Asst. County Sol., Anne Arundel County, Md., Emile J. Henault, Jr., Counsel Bd. of Sup'rs of Election for Anne Arundel County, Md., for defendants.

## MEMORANDUM

BLAIR, District Judge.

This is a challenge to the constitutionality of section 202(a) of the Anne Arundel County Charter, which requires that candidates for the elected office of county councilman have been county residents for at least four years before the date of the general election.[1] Plaintiff contends that the charter provision denies him equal protection and infringes impermissibly upon his constitutional right to travel.

The facts of the case are not in dispute. On June 7, 1978 plaintiff William H. Brill filed a Certificate of Candidacy for nomination for the office of county councilman. By letter dated June 8, 1978 plaintiff was advised by the County Board of Supervisors of Elections that his application was rejected because he failed to meet the four-year residence requirement of section 202(a). By November 7, 1978, the date of the general election, plaintiff will have resided in Anne Arundel County for slightly in excess of three years. The parties are agreed that plaintiff has satisfied all other requirements for a position on the primary election ballot. Thus, plaintiff is now barred from the ballot solely because of the four-year residence requirement of section 202(a). In view of the filing deadline of July 3, 1978 and the primary election date of September 12, 1978, the court has considered the matter on an expedited basis. The parties have submitted memoranda, and a hearing was held June 23, 1978.

The four-year residence requirement of section 202(a) impacts upon two fundamen-

---

1. Section 202(a) provides:

 [E]ach member of the County Council shall . . . have resided within the County for a period of four years immediately preceding his election.

tal constitutional rights: voting and interstate travel. In *Dunn v. Blumstein,* 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972), the Supreme Court found unconstitutional a Tennessee statute which required residence of one year in the state and three months in the county as prerequisites for registration to vote in state elections. Both because the statutory classification affected the opportunity to vote and because it was based on recent interstate travel, the Court required the statute to withstand a strict scrutiny analysis, which it was unable to do. *Dunn* does not answer the inquiry here, of course, because it concerned voters, not candidates. Nevertheless, there is a close connection between the right to vote and the right to hold elective office. *Bullock v. Carter,* 405 U.S. 134, 142–43, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972).

There can be no doubt that the state and its local subdivisions may impose residence requirements not only upon candidates but upon voters. *See Dunn v. Blumstein, supra,* 405 U.S. at 342 n. 13, 92 S.Ct. 995. It is clear that "not every limitation or incidental burden on the exercise of voting rights is subject to a stringent standard of review." *Bullock v. Carter, supra,* 405 U.S. at 143, 92 S.Ct. at 856. It is also clear that not every durational residence requirement is subject to strict review on the ground that it burdens interstate travel. *See, e. g., Sosna v. Iowa,* 419 U.S. 393, 404–09, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) (upholding one-year state residence requirement for obtaining a divorce); *Starns v. Malkerson,* 326 F.Supp. 234 (D.Minn.1970), aff'd mem., 401 U.S. 985, 91 S.Ct. 1231, 28 L.Ed.2d 527 (1971) (upholding one-year state residence requirement for receipt of in-state college tuition benefits). The essential consideration in deciding whether a residence requirement must be reviewed with strict scrutiny appears to be whether it "operates to *penalize* those persons . . . who have exercised their constitutional right of interstate migration." *Memorial Hospital v. Maricopa County,* 415 U.S. 250, 258, 94 S.Ct. 1076, 1082, 39 L.Ed.2d 306 (1974). Whether a residence requirement acts as a penalty on interstate travel must

be considered in view of the essence of the right to travel: "insuring new residents the same right to vital government benefits and privileges in the States to which they migrate as are enjoyed by other residents." *Id.* at 261, 94 S.Ct. at 1084. Because the county's four-year residence requirement entirely prevents a new resident from running for office for a substantial period of time, thereby infringing not only upon that right but also upon the right to travel, the court concludes that section 202(a) may be found constitutional only if it withstands close scrutiny. Thus, the defendants have the burden of proving that the residence requirement is "*necessary* to promote a *compelling* governmental interest." *Dunn v. Blumstein, supra,* 405 U.S. at 342, 92 S.Ct. at 1003.

Defendants argue first that the court should be reluctant to intervene concerning a charter provision that was ratified by the voters of the county and which the voters subsequently, in 1974, refused to modify. Although the court is indeed cognizant of the strains created when a federal court intrudes into state and local matters, the court is unaware of authority to support the proposition that what may otherwise be an unconstitutional provision can be made constitutional by voter ratification.

The defendants further assert that four years' residence in the county is necessary to insure that members of the county council have sufficient familiarity with the county to perform their functions adequately. They correctly note that the county covers a substantial geographic area containing residents of diverse backgrounds and interests. Further, the court agrees with defendants that county councilmen must perform broad duties in representing the county electorate. However, simply put, the court concludes that a residence requirement as long as four years is not necessary to assure the county's objectives and that a shorter time period, with a less intrusive impact on the fundamental rights previously discussed, could be better tailored to the county's ends. Thus, the court

holds the four-year residence requirement of section 202(a) unconstitutional.

The court is aware that the question of durational residence requirements for candidates for state and local office has produced some divergence of views. In *Sununu v. Stark*, 383 F.Supp. 1287 (D.N.H. 1974), *aff'd mem.*, 420 U.S. 958, 95 S.Ct. 1346, 43 L.Ed.2d 435 (1975), and *Chimento v. Stark*, 353 F.Supp. 1211 (D.N.H.), *aff'd mem.*, 414 U.S. 802, 94 S.Ct. 125, 38 L.Ed.2d 39 (1973), three-judge courts, after applying a compelling interest test, upheld New Hampshire's seven-year residence requirements for the offices of state senator and governor, respectively.[2] As noted, the Supreme Court summarily affirmed each case without opinion. Although some courts have read *Sununu* and *Chimento* as possible grants of automatic Supreme Court approval to durational residence requirements for local office, *see Billington v. Hayduk*, 565 F.2d 824, 826 (2d Cir. 1977); *Woodward v. City of Deerfield Beach*, 538 F.2d 1081, 1084 (5th Cir. 1976), this court disagrees. As the Supreme Court held last term, summary affirmances do not indicate Court approval of the reasoning of the lower courts nor do they serve as binding authority except as to the precise issues presented in those cases. *Mandel v. Bradley*, 432 U.S. 173, 97 S.Ct. 2238, 53 L.Ed.2d 199 (1977). The court finds *Sununu* and *Chimento* distinguishable in part because the residence requirements in those cases were longstanding provisions of the state constitution but, more importantly, because the offices involved were high, statewide positions. In contrast, the office of county councilman is a basic entry position into state and local government. *See Henderson v. Fort Worth Independent School District*, 526 F.2d 286, 292–93 (5th Cir. 1976). Other cases upholding durational residence requirements involve periods of time substantially less than the four-year requirement of section 202(a). *See Woodward v. City of Deerfield Beach*, 538 F.2d 1081 (5th Cir. 1976) (six months for city commissioner); *Howlett v. Salish and Koo-*

*tenai Tribes*, 529 F.2d 233 (9th Cir. 1976) (one year for Indian tribal council); *Russell v. Hathaway*, 423 F.Supp. 833 (N.D.Tex. 1976) (one year for school district trustee, on the authority of *Woodward, supra*); *Draper v. Phelps,* 351 F.Supp. 677 (W.D.Okl. 1972) (six months for state representative); *Hadnott v. Amos*, 320 F.Supp. 107, 119–23 (M.D.Ala.1970), *aff'd mem.*, 401 U.S. 968, 91 S.Ct. 1189, 28 L.Ed.2d 318 (1971) (one year for state circuit court judge).

On the other hand, many courts have held unconstitutional durational residence requirements for local office in circumstances which the court finds indistinguishable from those of the instant case. The court is persuaded by the results of these cases and is in substantial agreement with their reasoning. *See Green v. McKeon*, 468 F.2d 883 (6th Cir. 1972) (two years for city office); *Billington v. Hayduk*, 439 F.Supp. 975 (S.D. N.Y.), *aff'd on other grounds*, 565 F.2d 824 (2d Cir. 1977) (five years for county executive); *Headlee v. Franklin County Bd. of Elections*, 368 F.Supp. 999 (S.D.Ohio 1973) (one year for village offices); *Alexander v. Kammer*, 363 F.Supp. 324 (E.D.Mich.1973) (five years for city commission); *Wellford v. Battaglia*, 343 F.Supp. 143 (D.Del.1972), *aff'd*, 485 F.2d 1151 (3d Cir. 1973) (five years for mayor); *McKinney v. Kaminsky*, 340 F.Supp. 289 (M.D.Ala.1972) (five years for county commissioner); *Mogk v. City of Detroit*, 335 F.Supp. 698 (E.D.Mich.1971) (three years for charter revision commission); *Bolanowski v. Raich*, 330 F.Supp. 724 (E.D.Mich.1971) (three years for mayor); *cf. Henderson v. Fort Worth Independent School District*, 526 F.2d 286 (5th Cir. 1976) (three years as a qualified voter for school board).

Accordingly, judgment will be entered in favor of the plaintiff and against the defendants.

---

**2.** Also upholding a durational residence requirement for state office is *Walker v. Yucht*, 352 F.Supp. 85 (D.Del.1972) (three years for state representative, applying only a rational basis scrutiny).