SCHOTT, Judge.
Plaintiff brought this action objecting to the candidacy of defendant for the office of Councilman, District No. 1, City of Kenner, pursuant to LSA-R.S. 18:1401 et seq. The objection was based on defendant’s failure to meet the residency requirements established by Section 2.05 of the Charter of the City of Kenner as follows:
“A Councilman shall be a qualified elector of the City, and shall have been domiciled in the City for at least two (2) years immediately preceding his taking office. A district Councilman shall also have been domiciled in his respective district for at least one (1) year immediately preceding his taking office. If a councilman removes his domicile from the City or from the district from which he was elected, or becomes convicted of a felony, or ceases to possess any of the other qualifications required by this Charter, he shall immediately become disqualified, creating a vacancy in the office.”
The facts are not in dispute. Defendant became a resident of Kenner on July 1, *1287 1979, less than one year prior to the time he would take office if elected. He contends the charter provision is unconstitutional in that it violates the Fourteenth Amendment to the United States Constitution. Refusing to consider the unconstitutionality argument because defendant had not filed a written pleading attacking constitutionality, the trial judge disqualified defendant for failure to meet the residency requirements.
Ordinarily the plea of unconstitutionality must be filed in order to be considered by the court, but the defendant in an election contest is not required to answer the petition. R.S. 18:1406B. Thus, the plea of unconstitutionality was properly before the trial court and we now consider that issue on appeal.
Defendant relies on Green v. McKeon, 468 F.2d 883 (6th Cir. 1972) and Headlee v. Franklin County Board of Elections, 368 F.Supp. 999 (1973), (S.E.D. Ohio), in which residency requirements for a candidate similar to those provided for in the Charter of the City of Kenner were struck down as unconstitutional.
These cases are not controlling on us; we disagree with them and reach an opposite result. Both cases profess to be logical extensions of Bullock v. Carter, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972), where the Supreme Court declared unconstitutional a Texas filing fee system which required exorbitant filing fees to be paid by candidates for local office. After finding that the system effectively discouraged potential candidates from qualifying and thereby denied a reasonable choice to voters the court concluded the system had “a real and appreciable impact on the exercise of the franchise,” and that the scheme was not necessary for the accomplishment of a legitimate state objective so as to be constitutionally acceptable. It is readily apparent that the court was especially concerned with the fact that the Texas system was a boon to the wealthy and clearly discriminated against the poor and not-so-well-to-do.
The same conclusion does not apply to the residency requirements in this case because they are reasonable and do not have “a real and appreciable impact on the exercise of the franchise.” Furthermore, even if they did, the state (City of Kenner) does have a legitimate interest in imposing reasonable residency requirements so that candidates will have some knowledge of local government, and of local people, before they are able to place their names on the ballot for consideration by the voters.
In both of the cases relied upon by defendant the courts made much over the fact that the residency of the candidate should be an issue for the voters to consider and that the state’s interest in the matter would be adequately protected in the elective process. This ignores the fact that the citizens of Kenner have already freely chosen to include residency requirements in their Home Rule Charter.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.